Evan M. Francis, Appellant, *v.* James E. Francis and Elizabeth Beale.

*Death—Presumption of death from absence—Domicile.*

A presumption of death is raised by the absence of a person from his last place of domicile unheard of for seven years.

When a person removes from his domicile in this state to establish a home for himself in another state or country, at a place well known, this is a change of residence, and absence from this domicile unheard of for seven years is the absence upon which the presumption of death must be built. If alive when last heard from at his new domicile the presumption is that life continues.

Argued Feb. 25, 1897. Appeal, No. 576, Jan. T., 1896, by plaintiff, from judgment of C. P. Lackawanna Co., March T., 1896, No. 300, on verdict for defendants. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Issue devisavit vel non.

Rachel Francis died in April, 1895, leaving an alleged will which was probated by the register of Lackawanna county and letters testamentary granted. Then the petition of Evan M. Francis was presented to the register, and a citation was issued to the parties interested to show cause why the probate should not be stricken off and the letters vacated.

A hearing was had, and the probate sustained. An appeal was taken to the orphans' court, and an issue was framed by the court as follows: first, at the time this will was signed, to wit: June 14, 1884, was Rachel Francis a single woman? second, did Rachel Francis, after she signed the will, contract a lawful marriage with John Williams? This issue was certified into the court of common pleas for trial.

At the trial the plaintiff alleged that Rachel Francis was lawfully married to John Williams about Christmas, 1886. This marriage was proved by reputation and cohabitation. The plaintiff contended that this marriage revoked the prior will. The defendants alleged that Rachel Francis was married to Thomas Watkins in November, 1870, and also alleged that he was living in Patagonia, South America, in July, 1895.

The plaintiff also alleged that, as no competent evidence was

offered by the defendants that Thomas Watkins was the Thomas Watkins who was alleged to have married Rachel Francis in November, 1870, or that he was living at any time since May, 1876, it must be presumed that he was dead after seven years from that date, to wit: May, 1883, until the contrary was shown by competent proof.

Plaintiff's points and answers thereto among others were as follows:

3. A person shown not to have been heard of for seven years by those who, if he had been alive, would naturally have heard of him, is presumed to be dead, and the burden of proof is upon those who deny the death. *Answer:* I affirm that proposition as an abstract proposition of law, but it must be considered with reference to the domicile or permanent home of the absent party. A man may leave his home and be absent from that home, but if he establishes a home in another community or country, and that becomes his permanent home, it cannot be said that he is absent from his known domicile. [1]

4. The presumption of death arising from the absence of the person for seven years unheard from stands as competent and satisfactory proof until it is successfully rebutted by competent evidence to the contrary. *Answer:* I affirm that proposition. Of course, if this man Watkins had left Providence, left his home, without saying where he was going, or if he had left his home on a business trip or pleasure trip, and nothing had been heard of him for the period of seven years, then the presumption would arise that he was dead. But if he went away for the purpose of establishing a permanent home somewhere else, and he was known to be alive there, then the presumption would not arise until he would be absent from that home and unheard of there.

The jury found the following special verdict:

Rachel Francis, testatrix, was a married woman at the time of the execution of the will in question, to wit: on June 14, 1884; she had been previously married to Thomas Watkins, and Thomas Watkins was still alive at the time of the alleged marriage to John Williams.

Rachel Francis, after the execution of the said will, was not lawfully married with John Williams.

Judgment was entered upon the verdict.

*Errors assigned* among others were (1, 2) above instructions, quoting them.

*W. S. Hulslander* and *A. A. Vosburg*, for appellant.—A person is presumed to be dead after the lapse of seven years from the time he was last actually heard of: Burr v. Sim, 4 Wharton, 150; Bradley v. Bradley, 4 Wh. 173; Whiteside's App., 23 Pa. 114; Esterly's App., 109 Pa. 229; Welch's App., 126 Pa. 297.

The presumption of death arising from the absence of the person for seven years unheard from stands as competent proof until it is successfully rebutted by competent and satisfactory evidence to the contrary: Thomas v. Thomas, 124 Pa. 646; Schoneman's App., 174 Pa. 1; 1 Am. & Eng. Ency. of Law, 41; Wambaugh v. Schenck, 2 N. J. L. 229; Smith v. Smith, 5 N. J. Eq. 484; Hoyt v. Newbold, 45 N. J. L. 219; 1 Greenleaf on Ev., 57; Act of June 24, 1885, P. L. 155.

*John F. Scragg*, with him *George W. Beale*, for appellee, cited: Thomas v. Thomas, 124 Pa. 646.

OPINION BY MR. JUSTICE WILLIAMS, April 19, 1897:

This was an issue devisavit vel non. The contestants denied the validity of the will, alleging that Rachel Francis, the testator, was a single woman when it was made in 1884, and that it was revoked by her subsequent marriage in 1886. She had been married to Thomas Watkins in 1870, who prior to 1876 had left his home in Scranton and gone with a colony to settle in Patagonia. The colony was established. Watkins as a member of it was heard from in 1876. He was at that time residing with the other colonists and engaged in labor with them. Since that time he has not been heard from, and the contestants invoke the presumption of his death; and it is upon this presumption that the contestants rely to establish the fact that the testatrix was single at the date of her will in 1884. Do the foregoing facts raise the presumption of the death of Watkins? A presumption of death is raised by the absence of a person from his domicile unheard of for seven years. Absence in this connection means that a person is not at the place of his domicile, and that his actual residence is unknown. It is for

this reason that his existence is doubtful, and that after seven years of such absence his death is presumed. But removal alone is not enough. The further fact that he has disappeared from his domicile and from the knowledge of those with whom he would naturally communicate, so that his whereabouts have been unknown for seven years or upwards, is necessary in order to raise the presumption. But where a person removes from his domicile in this state to establish a home for himself in another state or country, at a place well known, this is a change of residence, and absence from the last domicile is that upon which the presumption must be built. If alive when last heard from at his new domicile the presumption is that life continues : 1 Am. & Eng. Ency. of Law, p. 37. See also Whiteside's App., 23 Pa. 114; Holmes v. Johnson, 42 Pa. 159. The learned judge of the court below instructed the jury correctly upon this subject. The jury found in favor of the proponent upon both the questions submitted to them. This was done under proper instructions, and we see no reason whatever for disturbing the verdict. The assignments of error are not sustained.

The judgment is affirmed.