# Fanning, Administratrix, v. The Equitable Life Assurance Society, Appellant.

*Evidence — Proof of death — Sufficiency — Exposure to peril— Forest fire—Presumption of death—Life insurance.*

1. In an action on a life insurance policy the evidence is sufficient to sustain a finding that the insured died in a forest fire where it appeared that up until that time he wrote frequently to his mother, sending her money, that he earned good wages, and was without financial difficulties and had a happy, cheerful disposition, and that when last seen and heard of he said that he was going to fight the forest fire, in which many persons lost their lives, some being burned beyond recognition.

2. Although the time of the death of a person who cannot be found is presumed to be seven years from the date on which he was last heard from, the presumption may be overcome from facts and circumstances tending to show that his death probably happened sooner, as that he encountered a special peril which might reasonably be expected to destroy life.

Argued March 18, 1919. Appeal, No. 307, Jan. T., 1919, by defendant, from judgment of C. P. Bradford Co., Feb. T., 1916, No. 76, upon a verdict for plaintiff in

case of Nora Fanning, Administratrix of the Estate of Thomas Fanning, Deceased, v. The Equitable Life Assurance Society of the United States. Before STEWART, FRAZER, MOSCHZISKER, WALLING and KEPHART, JJ. Affirmed.

Assumpsit upon a policy of life insurance. Before MAXWELL, P. J.

Verdict for plaintiff for $3,653.50 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment n. o. v.

*William P. Wilson,* with him *J. Roy Lilley,* for appellant, cited: Globe Accident Ins. Co. v. Gerisch, 163 Ill. 625; Burr v. Sim, 4 Wharton 150, 171; Mutual Benefit Co. of Penna., 174 Pa. 1.

*A. C. Fanning,* with him *David E. Kaufman,* for appellee.—The time of death is a matter of fact to be proven, and is not founded upon a presumption: Modern Woodmen of America v. Ghromley, L. R. A., 1915, B, 728; Connor v. New York Life Ins. Co., 179 App. Div. (N. Y.) 596; Davie v. Briggs, 97 U. S. 628, 636; Continental Life Ins. Co. v. Searing, 240 Fed. Rep. 653.

OPINION BY MR. JUSTICE MOSCHZISKER, April 14, 1919:

December 29, 1915, suit was brought by Nora Fanning, the mother of Thomas Fanning, deceased, and administratrix of his estate, upon a contract of life insurance issued by defendant corporation; plaintiff recovered a verdict for the full amount claimed, upon which judgment was entered; defendant has appealed, and the sole error alleged is the refusal of judgment in its favor n. o. v.

The insurance was for $3,000, face value. Defendant concedes the fact that Thomas Fanning is dead, and the affidavit of defense admits liability for $546, the "paid-

up value" of the insurance, with interest, but denies obligation beyond that sum, upon the theory that Fanning was alive until August, 1915, whereas the last premium paid continued the insurance in full force only until January 9, 1909, when, because of default in payment of premium then due, defendant's liability became reduced to the contractual "paid-up value" of the policy; hence it is contended plaintiff can recover only this reduced amount.    On the other hand, plaintiff contends there was no such default, because her son died in August, 1908, at which time all premiums due had been fully paid.

The question for determination is: Was the evidence sufficient in law to sustain a finding that the insured died, prior to January 9, 1909, while the policy was in force for its full amount?

In 1901, when the insurance was effected, Thomas Fanning was a resident of Sayre, Bradford County, Pa.; in 1906, when about 33 years of age, he left his home for the first time, and went to Spokane, Washington; he was unmarried, a stonemason by trade, and a strong, healthy man who assisted in the support of his mother, which he continued to do, by sending her money from time to time, after his departure for the West; he earned good wages, was without financial difficulties, and had a happy, cheerful disposition; his sincere affection for his mother was shown by constant attentions, and he wrote her frequently while away from home, none of the letters indicating that he was troubled or afflicted; suddenly, in August, 1908, his letters ceased, and those sent to him were returned to the writers, his mother and sister, by the postal authorities, because they could not find the addressee.

John Fanning, the brother of Thomas, accompanied him West, and, later, his brother-in-law, one Dave Cullen followed them; they resided in Spokane and Thomas Fanning  and  Dave  Cullen  were  employed  together. Charles Sigler, also of Pennsylvania, who was employed

at a hotel in Spokane, testified he was acquainted with both Thomas Fanning and Dave Cullen; he often saw them, and Fanning used to talk with him by the hour; in August, 1908, a great forest fire raged in the country near Spokane, in which many lost their lives, some being burned beyond recognition; one Saturday evening about this time, the insured told Sigler that he, Fanning, was going to fight the fire; although the witness continued to reside in Spokane, and inquired of Fanning's brother, Cullen and others who knew insured, he never saw nor heard of him again. Sigler further testified that, when Fanning failed to return, his boarding house was visited, where his clothes and mail were found; but he never "showed up" and all his acquaintances believed him destroyed by the fire.

While, as before said, defendant concedes this testimony, with the lapse of time, sufficient to prove Fanning's demise, yet it contends there is not enough therein to take the case out of the usual rule that death must be considered to have occurred, not at the time of disappearance, but at the expiration of seven years thereafter. In other words, defendant contends that, since there is no positive evidence that Thomas Fanning actually went to the forest fire in 1908, a finding that he then died as a result thereof must be arrived at through a presumption resting upon a presumption, which the law does not permit.

It is undoubtedly the rule that "one presumption cannot be based upon another presumption" (16 Cyc. 1051; also see 10 R. C. L. 870), and, "if there be no fixed or ascertained fact from which the inference of another fact may be drawn, the law permits none to be drawn from it" (Douglass v. Mitchell, 35 Pa. 440; Tanner v. Hughes, 53 Pa. 289; McAleer v. McMurray, 58 Pa. 126; Phila. C. P. R. Co. v. Henrice, 92 Pa. 431); but is this principle properly applicable to the finding of the jury, in the present case, that Thomas Fanning died in the forest fire of 1908?

The guiding rules, relevant to the determination of the question just put, are given in various works. In 8 R. C. L. 712, it is stated: "Even in those jurisdictions where the time of the death of a person who cannot be found is presumed to be seven years from the date on which he was last heard from, the person to whose interest it is to show that he died prior to that time may rebut this presumption by showing, from facts and circumstances, that his death in all probability happened before that day, or at any particular day between that time and the day he was last heard from......The evidence need not be direct or positive, but it must be of such a character as to make it more probable that he died at a particular time than that he survived. The jury may infer the absent person died before the expiration of the seven years, if it appear he encountered, within that period, some special peril, or came within the range of some impending or imminent danger which might reasonably be expected to destroy life." In 17 Corpus Juris 1175: "The party alleging death before the expiration of seven years must prove it......; thus it has been held that, to warrant the inference that death occurred earlier......, there must be proof of such facts and circumstances connected with the absent person as, when submitted to the test of reason and experience, would force the conviction of death within a shorter period; but, according to other decisions, the presumption of death before the expiration of seven years may be raised by any credible evidence, however slight." It is said in 13 Cyc. 299: "The fact that there is a legal presumption of death after seven years' absence does not prevent an inference of death from absence of a shorter period where [there are] other circumstances which tend to force a conviction that death must have occurred, as that the person has encountered, or probably encountered, such perils as might reasonably be expected to destroy human life, and has been so situated that, according to the ordinary course of things, he must have been heard of if he had survived."

In 22 A. & E. Enc. of Law (2d Ed.) 1147: "A presumption of death of an absentee will not, as a rule, arise from his absence without being heard from for a shorter time than seven years, though a presumption of death may arise in a shorter period where there are other circumstances tending to show death of the absentee, as where the absentee, when last heard from, was immediately exposed to some specific peril." Finally, in Burr v. Sim, 4 Wh. 149, 169, 170, 171, speaking by GIBSON, C. J., we state: "There is nothing so frequently unattended with ordinary means of proof, and yet so essential to the determination of a right, as the time of an individual's death......; but the presumption of death, as a limitation of the presumption of life, must be taken to run exclusively from the termination of the prescribed period [seven years from the time when the individual was last heard of], so that the person must be taken to have then been dead, and not before......It is undoubtedly true that additional circumstances of probability may justify a presumption that the death was still sooner; but......the jury [cannot] presume death to have been at an intermediate period unless we discover in the case at least a spark of evidence that the individual was, at some particular date, in contact with a specific peril, as a circumstance to quicken the operation of time. ......To accelerate the presumption from time, or more properly to turn it from an artificial into a natural one, it is necessary to bring the person within the range of a particular and immediate danger." See also Petition of Mutual Benefit Co., 174 Pa. 1, 5, 9.

From the authorities quoted, it may be seen that the relevant rules of law wisely recognize the fact that "there is nothing so frequently unattended with ordinary means of proof as the time of an individual's death," when such individual has been absent and unheard of for a considerable period; hence it is permitted to fall back upon presumptions which have for their bases strong probabilities, and these presumptions may be drawn from all

the relevant facts and circumstances in each particular case.

Where a person, absent and unheard of for seven years, is presumed to have died at the expiration of that period, death is inferred from lapse of time and attending circumstances: Whiteside's App., 23 Pa. 114, 117. The presumption that the demise occurred at the expiration of the period does not, however, constitute an additional inference based on the first inference, namely, of death itself, but is viewed simply as part of a general comprehensive conclusion that the person died at that time.

Likewise, in that class of cases (so many of which appear in the books) where a person starts upon a sea voyage, the ship never again being heard of, and, after a reasonable lapse of time, the law presumes death, two presumptions are not indulged in, i. e., (1) that the vessel went down, and (2), therefrom, that the absentee was then drowned; there is simply a general presumption that he lost his life at sea during a reasonable period allowed for the voyage.

So, in the present instance, the finding that Fanning went into the forest fire and thereby met his death, need not be viewed as representing two distinct conclusions, one derived from the other. The one, no doubt, helps the other, but both rest upon the strong probabilities which arise from a consideration of all the various facts and circumstances involved; which method of reaching a determination, with its possible lack of refined reasoning, is permissible because of the necessities peculiar to this particular class of cases. The verdict rests upon the evidence as a whole, and the finding of Thomas Fanning's death in 1908 does not present an inference from an inference, but a comprehensive conclusion justified by the facts and circumstances herein previously detailed; hence appellant's attack thereon cannot be sustained.

Numerous cases from other jurisdictions have been called to our attention by counsel, but none of them shows facts analagous, or which bear any striking simi-

larity, to those at bar; therefore, instead of commenting on the cases, we have stated the general rules laid down in modern standard works, where the relevant decisions are cited. We shall, however, note a case from New York, the situs of the contract here sued upon. In Connor v. N. Y. Life Ins. Co., 179 App. Div. 596, 598, defendant had insured the life of Frederick Winnington, who, after paying one premium, disappeared and was never heard of again. On August 11, 1914, Winnington's clothing was found in a bathhouse at a seaside resort, and his personal jewelry was discovered at the office of the bathing establishment, deposited in an envelope with his name written thereon. There, as here, suit was brought more than seven years after insured was last seen alive, and, again, there was no direct evidence he had met his death at the beginning of the seven-year period; but the jury were allowed to so find, from all the circumstances in the case. Finally, there, as here, plaintiff failed to produce evidence that anyone had actually seen the insured at the place of the peril which was alleged to have caused his death. The case was dismissed because plaintiff had commenced his suit prematurely, without formal proof of death; but, in so doing, the judge of the appellate division expressed this pertinent view of the law: "We think reason and probability require the rule be modified so that, if seven years' absence follows a catastrophe, occurrence or hazard, whereby the absent one was subjected to peril of his life of such a character that the evidence of his death might be destroyed with death itself—as, for instance, death in a conflagration or by drowning—the inference of fact may be drawn that the death occurred at the time of such peril. The presumption that the death occurred at the end of the seven years obtains only by the necessity of the case in the absence of evidence indicating death at another time; when there is such evidence, the necessity for presuming that death occurred at the end of the period no longer exists." That is to say, the presumption of death having

been established by the lapse of the seven years, the discovery of the clothes and valuables of insured in a bathhouse, at the beginning of that period, with all the attendant circumstances, was sufficient to sustain a finding that death had actually taken place at the last-mentioned time.

The assignments of error are overruled and the judgment is affirmed.