## Wiggins *v.* W. & S. Life Ins. Co., Appellant.

Submitted April 13, 1934.

Before Trexler, P. J., Keller, Baldrige, Stadtfeld, Parker and James, JJ.

*Stranahan & Sampson*, for appellant.

*J. M. Lininger* of *Lininger & Lininger*, for appellee.

Opinion by Baldrige, J., July 13, 1934:

This appeal is from a judgment obtained in an action of assumpsit to recover on a life insurance policy.

On February 18, 1924, the defendant company issued a policy to Arthur Snyder, wherein his mother, the plaintiff, was named beneficiary. Under plaintiff's testimony, the insured disappeared from his home on

the first day of March, 1924, and since then has been absent and unheard of, although a diligent search was made in an endeavor to locate him. The plaintiff paid the premiums for seven years, then sued defendant.

The appellant alleges (1) that no proof of death was furnished; (2) that there was no legal presumption of death as the insured had been arrested for nonsupport; (3) that the court erred in admitting in evidence a decree of the orphans' court establishing the legal presumption of death and authorizing the issuance of letters of administration upon his estate.

1. The policy provided for the payment of the amount of the insurance ''upon receipt of satisfactory proof of death of the insured, made in the manner, to the extent and upon blanks as required by the company, together with the surrender of this policy and receipt books.'' On November 25, 1931, the attorney for plaintiff wrote a letter to the defendant requesting blank forms on which to make out formal proof of death. This letter was acknowledged and an extension of time requested, as an investigation which was being made had not been completed, and the defendant stated it was not in a position to furnish forms at that time, but promised that they would be provided after completion of the investigation, if the company deemed it advisable. No forms were furnished and no further communication was received from defendant. The plaintiff's action can be interpreted in no other way but an attempt to comply with the requirements of the policy, which was defeated by the defendant's failure to comply with her request. The plaintiff was required to do nothing further. The defendant's action can be construed only as a waiver of that condition in the policy which appellant is now invoking. It has been held frequently that where a company lulls the vigilance of the insured to inactivity, in so far as the furnishing of proofs of death is con-

cerned, one may reasonably reach the conclusion that they will not be required. In such circumstances, the company is not permitted to set up failure to furnish proofs to defeat a recovery on a policy.

2. The insured was arrested upon information of his wife, sworn to February 22, 1922, charging non-support. He gave bail for his appearance at the April term of court. No further proceedings were had, notwithstanding he remained living with his mother for a period of twenty-two months thereafter. It can not be said, therefore, that there was an existing pending action at the time of his disappearance; nor was any other motive alleged for him to flee or to conceal his whereabouts. This evidence offered by defendant was not sufficient to rebut fairly the inference of presumption of death after an absence of seven years.

3. There remains for consideration the admissibility of the orphans' court decree. In referring to its competency, we said in Volmer v. J. Hancock M. L. I. Co., 101 Pa. Superior Ct. 117, 121: "Keeping in mind the object of this legislation and the protection afforded in case of distribution, and that the defendant was not a party to, or had a right to control, the proceedings, or make defense thereto (Walker v. City of Phila., 195 Pa. 168 [45 A. 657]), as well as the fact that the plaintiff is suing in the common pleas in her individual right to recover under a contract, a grave doubt arises whether the decree of the orphans' court is admissible." Express authority is given to the orphans' court by the act approved June 7, 1917, P. L. 447, §6 [a] (20 PS §371), which supersedes the Act of June 24, 1885, P. L. 155, to cause an advertisement to be made of the application for letters of administration and on the date fixed to "hear evidence concerning the alleged absence of the presumed decedent and the circumstances and duration thereof." If, upon such hearing, the court shall be satisfied that the legal

presumption of death is made out, it shall so decree, and forthwith cause notice to be published in a newspaper of the proper county. It is a competent tribunal to decide that fact.

In referring to the original paper books in the case of Robbin v. Knights of the Maccabees, 269 Pa. 139, 112 A. 70, brought in the common pleas to recover under a benefit certificate issued on the life of the insured, who had been absent for more than seven years, we find that the record of the orphans' court of Allegheny County decreeing the presumption of death was admitted in evidence. True, there were no objections made to its admission, but the appellant argued in its paper book that the plaintiff was suing in her own right, and, if entitled to recover at all, could have instituted and maintained her action independently and without the aid of the orphans' court decree. The late Mr. Justice WALLING, in writing the opinion of the Supreme Court, did not expressly discuss the admission of the decree, but affirmed the lower court in directing a verdict for plaintiff, and stated (p. 142): "Where a man has been absent and unheard of for seven years it raises a presumption of death, on which payment of his life insurance may be demanded." See, also, Groner v. Knights of Maccabees, 265 Pa. 129, 108 A. 437.

In Francis v. Francis et al., 180 Pa. 644, 645, 37 A. 120, the plaintiff stated the following point: "The presumption of death arising from the absence of the person for seven years unheard from stands as competent and satisfactory proof until it is successfully rebutted by competent evidence to the contrary." This point was affirmed as an abstract principle of law. The case was affirmed by the Supreme Court, and was cited with approval in Maley, Exrx. v. Penna. R. R. Co., 258 Pa. 73, 78, 101 A. 911. The present Chief Justice, in writing the opinion in the latter case, said

(p. 76) : "The Act of June 24, 1885, P. L. 155, followed, apparently for the purpose of establishing a uniform practice conclusive upon all parties ...... We find nothing in the act, however, indicating an intention on the part of the legislature to confer upon the orphans' court exclusive jurisdiction of the determination of the fact of death by reason of absence. This question may, and frequently does, arise in collateral proceedings where the object is not to distribute the estate of the absentee, and where the court has complete jurisdiction of the subject-matter, as in the present case." That case, while deciding that the orphans' court decree is not conclusive as the orphans' court does not have exclusive jurisdiction to determine the fact of death by reason of absence, did not expressly hold that the orphans' court decree is not relevant evidence.

Although the decree of the orphans' court may be rebutted unless successfully attacked the presumption continues to be perfectly good. The legislature has given authority to the register of wills to grant letters of administration to estates of decedents. His action, as is the orphans' court decree, is prima facie evidence of the death, but the granting of letters and the right of the decedent's personal representative to bring suit or to be substituted as a party in a pending litigation are null and void if the person supposed to be dead is thereafter proven to be alive.

We are of the opinion, therefore, that the decree of the orphans' court, under the Act of 1917, supra, had a probative value, and was properly admitted in evidence.

No proof was offered by defendant in opposition to plaintiff's convincing evidence, except, as above noted, the arrest of the insured for nonsupport, which was insufficient. The defendant failed to assume the duty of producing, either by argument or evidence, a defense

to operate successfully against the presumption of death.

Judgment is affirmed.