Herold *v.* Washington National Insurance Company, Appellant.

Argued October 13, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

565

566

*George H. Detweiler,* for appellant.

*J. Kennard Weaver,* with him *Wilhelm F. Knauer,* for appellee.

PER CURIAM, October 27, 1937:

The opinion of the learned court below, by Judge CRANE, as printed in the Reporter's Statement, sufficiently answers the assignments of error which relate to the submission of the case to the jury, the refusal of binding instructions on the merits and the refusal to hold that the action was prematurely brought because instituted before seven years had elapsed from the date

of the alleged accidental death. To the cases cited in the opinion, supporting the action of the trial judge, may be added, *Sunny Point Packing Co. v. Faigh,* 63 Fed. (2d) 921, 924; *The San Rafael,* 141 Fed. 270, 279; *Harvey v. Fidelity & Casualty Co.,* 200 Fed. 925, 928; *Fidelity Mutual Life Ins. Co. v. Mettler,* 185 U. S. 308, 316.

Circumstances, tending to show that the insured was subjected to specific peril or serious danger on the day he was last seen or heard of, were given in evidence which, if believed by the jury, were sufficient, in our opinion, to support a finding that he was accidentally drowned on July 7, 1935, although his body was not recovered. In that event, it was not necessary to wait seven years before bringing suit, and the case was one of fact for the jury. The decisions of our Supreme Court and of this Court relied on by appellant are easily distinguishable. They relate to cases where satisfactory and sufficient evidence that the insured had been subjected to serious peril of a nature that might prevent the recovery of the body was lacking, or the beneficiary elected to rely on the presumption of death arising seven years after the unexplained disappearance of the insured rather than attempt to prove that the latter died on a certain date within the seven years.

As to the other matters assigned for error, we find nothing improper in a trial judge suggesting to counsel for the plaintiff, on the direct examination of his own witness, not to go into matters not necessary to make out his case—"Make out a prima facie case and stop". A trial judge's functions are not limited to those of a mere umpire.

Judgment affirmed.