## Silverstein Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*Maurice A. Granatoor*, for exceptant.

*Eugene H. Feldman*, contra.

VAN DUSEN, P. J., July 2, 1948.—Decedent's son was in the military service as pilot of an airplane. The plane was shot down by the enemy and exploded in flames. The co-pilot parachuted to earth, and though injured, survived. Decedent's son has not been heard from again, though nearly four years have passed. The soldier's mother died within a year after the plane was shot down, and the question is whether he died before his mother.

If we were dealing with an individual who was simply absent from home and not heard from, there would be no presumption of death until seven years had passed, and it would then be presumed that the individual had died at the end of the seven years. But when the missing person has disappeared in the face of an imminent and specific peril to his life, the inference may be drawn after a reasonable time that death resulted from the peril and at the time of its occurrence: Fanning, Admrx., v. Equitable Life Assurance Society, 264 Pa. 333; Burr v. Sim, 4 Wharton 149; Patterson's Estate, 56 D. & C. 269. The auditing judge

in this case has drawn the inference that the death did occur at that time.

In this case the Secretary of War, pursuant to Federal statutes, has made an official finding of death. The certificate reads: "The finding does not establish an actual or probable date of death; however, as required by law, it includes a presumptive date of death for the termination of pay and allowance, settlement of accounts and payment of death gratuities." Accordingly, the date for this purpose is fixed as "the day following the expiration of twelve months' absence".

The Pennsylvania Act of April 10, 1945, P. L. 187, as amended by the Act of May 16, 1947, P. L. 267, 51 PS §630, provides:

"A written finding of *missing in action* or presumed death made by the Secretary of War . . . shall be received in any court . . . in this State as prima facie evidence of the death of the person therein found to be *missing in action* or dead and the date, circumstances and place of his disappearance."

The words italicized were added by the Act of 1947.

The secretary's certificate does not affect the inference as to the time of death which would ordinarily be drawn from the facts. The statute does not say that the certificate is prima facie evidence of the date of death, but only of the date of disappearance; and the certificate expressly disclaims any finding as to the actual or probable date of death. The finding of the auditing judge was, therefore, correct.

We think, however, that each distributee should give his bond, without sureties, to the administrator, conditioned that he will refund to the missing man, if he should appear, so much as the obligor has received from the mother's estate as would have been awarded to the son if he had survived his mother. The awards are modified to this effect.

The exceptions are dismissed, and the adjudication, as thus modified, is confirmed absolutely.