582 A.2d 1122

**In re Dale KERSTETTER.**

**Appeal of Wendy KERSTETTER.**

Superior Court of Pennsylvania.

Argued Oct. 18, 1990.

Filed Dec. 4, 1990.

James N. Bryant, Millheim, for appellant.

William J. Kubiak, Bradford, for Corning, participating party.

Before ROWLEY, WIEAND and HUDOCK, JJ.

WIEAND, Judge:

This appeal is from an order dismissing a petition to declare Dale Kerstetter dead.

On September 12, 1987, Kerstetter was employed as a security guard by Corning, Inc. and was assigned to work the 11:00 p.m. to 7:00 a.m. shift. Between midnight and 1:00 a.m., while Kerstetter was the only guard on duty, video cameras in operation at the plant recorded that an unidentified, masked man entered the plant and was approached by Kerstetter. The two men met in a corridor, where they spoke for a short time. Another camera later recorded an unidentified man entering the platinum area. The next day, Kerstetter was reported missing. Several days later it was discovered that platinum having a value of $250,000.00 was also missing. Investigation disclosed no sign of forced entry, and there was no evidence that a struggle had occurred. Kerstetter's gun was found to be missing from its holster, which was in Kerstetter's truck in the parking lot. However, there was no evidence that any gun had been fired. The amount of platinum removed from the plant was such that it could have been carried easily by one person. The disappearance of the platinum and also of Kerstetter are the subjects of continuing investigations by the Bradford Township Police, the Pennsylvania State Police and the Federal Bureau of Investigation. Kerstetter has not been seen or heard from since September 13, 1987.

A petition to have Kerstetter declared dead was filed by Wendy Kerstetter, one of his six children, in order that a minor son might receive his father's pension and life insurance benefits as well as workmen's compensation payments. Corning, Inc., the employer, was permitted to intervene in order to assert its contention that Kerstetter had been a participant in the theft of the platinum. Evidence showed that Kerstetter had been experiencing financial difficulties at the time of the theft.

The trial court determined that the petitioner had failed to prove by a fair preponderance of the evidence that her father had met with a specific, life-threatening peril and, because less than seven (7) years had elapsed following his disappearance, dismissed the petition. The petitioner filed exceptions, but these were denied. This appeal followed.

Exceptions, or more properly a motion for post-trial relief, were properly filed. The statute, at 20 Pa.C.S. § 5701(a), permits the court of the county in which the missing person resided to decree his or her death "upon the petition of any party in interest." Pursuant to 20 Pa.C.S. § 711(11), the instant petition was filed in the Orphans' Court Division of the Court of Common Pleas of McKean County. The Orphans' Court, however, transferred the petition to the civil division, where a contested hearing was held. See: *Maley v. Pennsylvania R.R. Co.*, 258 Pa. 73, 101 A. 911 (1917) (common pleas court has jurisdiction over the determination of the fact of death by reason of absence where the object is not to distribute an estate). See also: *Locke v. Duff*, 1 Pa.D & C.2d 121 (Wash., 1955) (same); Hunter, Pennsylvania Orphans' Court Commonplace Book, Absentees and Presumed Decedents, § 1 (Rights of beneficiaries of life insurance, etc. are determined by common pleas court). The note to Pa.R.C.P. 227.1(c) suggests that a "motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice." The instant proceedings, however, were not, strictly speaking, governed exclusively by rules of petition practice. Rather, the instant proceedings were governed by rules applicable to

non-jury trials. The petition served merely to bring before the court an entirely new and separate action for relief, which the Orphans' Court division transferred to the civil division, where it was heard in the same manner as other non-jury matters. We conclude, therefore, that the post-trial procedure followed by appellant was appropriate. Appellant's right of appeal was not lost by her failure to file an immediate appeal from the court's initial order. See: *McNulty v. General American Life Ins. Co.*, 153 Pa.Super. 288, 33 A.2d 796 (1943) (following non-jury trial, motion for judgment on whole record dismissed and appeal taken from judgment entered on finding of presumed death from seven (7) year unexplained absence); *Ryan v. Prudential Ins. Co. of America*, 135 Pa.Super. 166, 4 A.2d 812 (1939) (following non-jury trial, motion for j.n.o.v. denied and appeal taken from judgment entered on finding of presumed death).

■ A decree that a missing person is dead is authorized by 20 Pa.C.S. § 5701. The circumstances permitting such a decree are recited in subsections (b) and (c) as follows:

**(b) Presumption from absence.**—When the death of a person or the date thereof is in issue, his unexplained absence from his last known place of residence and the fact that he has been unheard of for seven years may be a sufficient ground for finding that he died seven years after he was last heard of.

**(c) Exposure to specific peril.**—The fact that an absentee was exposed to a specific peril of death may be sufficient ground for finding that he died less than seven years after he was last heard of.

In the instant case, it is clear that seven years have not elapsed since Kerstetter disappeared without explanation. During the period following his disappearance, therefore, there continues a presumption of life. See: *Groner v. Knights of Maccabees*, 265 Pa. 129, 133, 108 A. 437, 438 (1919); *Young v. Sweigart*, 69 Pa.Super. 525, 528 (1918). The burden of showing that Kerstetter had been exposed to an earlier peril of death was on the petitioner. *Herold v. Washington National Ins. Co.*, 128 Pa.Super. 563, 194 A.

687 (1937). See also: *Sherman v. Minnesota Mutual Life Insurance Co.*, 191 Minn. 607, 255 N.W. 113 (1934). This required proof by a fair preponderance of the evidence that the absent person had been exposed to a specific peril of death. "To accelerate the presumption from time, or more properly to turn it from an artificial into a natural one, it is necessary to bring the person within the range of a particular and immediate danger." *Fanning, Adm'x. v. Equitable Life Assurance Society*, 264 Pa. 333, 338, 107 A. 715, 716 (1919), quoting *Burr v. Sim*, 4 Whart. 150, 171 (1839). In the absence of evidence from which the occurrence of death on a specific date can be inferred, the presumption of life must prevail.

In the instant case, the trial court which heard the case found that the evidence was insufficient to permit a determination that Kerstetter had been killed during a theft of platinum on September 13, 1987. This finding is consistent with applicable legal principles and does not suggest an abuse of discretion. Appellant's evidence was not so weighty that it could be said with confidence that Dale Kerstetter died on September 13, 1987. There was no evidence that a shooting had occurred or even that firearms had been involved in the theft of the platinum. There also was no evidence that a struggle of any kind had occurred. Kerstetter's role in the theft, if any, was unknown and was still under active investigation by police agencies. The mere fact that platinum appeared to have been stolen and that a masked person appeared on videotape and spoke with Kerstetter on September 13, 1987 did not alone suggest a specific peril likely to cause death. Indeed, the evidence can as readily be interpreted as creating an inference that (1) Kerstetter disappeared voluntarily after having cooperated with an unknown intruder who removed the platinum or (2) that he was abducted by the intruder and is still alive. These circumstances are not at all comparable to those in cases where death was declared because of a specific peril. See: *Continental Life Ins. Co. v. Searing*, 240 F. 653 (3rd Cir.1917) (drowning in surf); *Fanning, Adm'x. v. Equitable*

*Life Assurance Society, supra* (firefighter fighting raging forest fire); *Herold v. Washington National Life Ins. Co., supra* (drowning in ocean); *Silverstein Estate,* 64 Pa.D. & C. 174 (Phila., 1948) (pilot shot down in World War II); *Meadville Production Credit Ass'n. v. Haskell,* 40 D. & C. 145 (Erie, 1939) (suicide notes followed by disappearance at Niagara Falls); *Wheelock Estate,* 5 Fid. Rep. 553 (Montg., 1955) (death at sea during "severe storm of hurricane proportions"); *York Estate,* 3 Fid.Rep. 1 (Lehigh, 1952) (disappearance of small plane in violent storm of hurricane proportions); *Hill Trust,* 1 Fid.Rep. 606 (Montg., 1951) (civilian victim of bombing); *Kleinhofer Estate,* 1 Fid. Rep. 389 (Montg., 1951) (pilot shot down in World War II).

The circumstances shown by the evidence in this case fully support the trial court's decision. Appellant failed to prove a specific peril of death sufficient to overcome the presumption of life which continued during the two and one-half year period between Kerstetter's disappearance and the trial court's decision.

Order affirmed.