## Harmony Building Association *versus* Berger.

1. As between a mortgagor of realty, and a vendee at a sheriff's sale, under the mortgage, a Baltimore heater is not to be deemed a fixture, nor is an iron frame in the nature of a weather-vane, fastened to the roof, bearing thereon the name of the owner.

2. The lower story of the premises above mentioned, was used as a store; on the counter were certain marble slabs. *Held,* that in determining whether or not those were fixtures, the intention of the person putting them in place was to be considered, and submitted to the jury.

3. *Semble,* that there may be some articles which are so essentially a part of the freehold, that as between the vendor and vendee, the intention of the owner may be of little weight in determining whether they are fixtures or not. The articles in question in the present case were not, however, of that description.

January 10th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas No. 1, of *Philadelphia county:* Of January Term 1882, No. 15.

[Harmony Building Association *v.* Berger.]

Trespass, by the Harmony Building Association against George Berger, for severing and taking away from a house which the plaintiff had purchased at sheriff's sale certain articles alleged to be fixtures.

On the trial, before BIDDLE, J., the following facts appeared: The defendant, on December 29th 1873, being the owner of a house and lot, No. 2612 Girard avenue, mortgaged the same to the association plaintiff. The lower room of the house was used as a store, and was fitted with a counter having a marble top, or slabs. Subsequently to the mortgage the defendant put in a stove, of the description known as a Baltimore heater, costing $50. This stove was portable, but was attached to the flue with a pipe, which served to convey hot air to an upper room. The defendant also put on top of the house an iron frame and weather-vane, having on it the defendant's name, and the letters marking the points of the compass. The association afterwards sued out the mortgage, and purchased the premises at sheriff's sale. They gave the usual three months' notice, and proceeded before a magistrate and sheriff's jury to obtain possession. After a judgment was rendered in plaintiff's favor, and before possession was delivered to them, the defendant severed and took away the said marble slabs from the counter, the Baltimore heater, and the iron frame and weather-vane. The plaintiffs then brought this suit to recover damages for such removal.

The plaintiffs requested the court to charge, 1. The defendant having placed the marble slabs on the counters while he was building the house, and afterwards placed and put the heater and iron frame in and to the house as improvements, the same formed parts of the freehold, and, therefore, could not be taken therefrom and removed by him after the sheriff's sale of the premises. *Refused.*

2. The defendant having mortgaged the premises in question to the plaintiffs, and upon which judgment was obtained, and a writ of levari facias issued, under which the sheriff seized and took in execution the premises, sold and made a deed for the same to the plaintiffs, by which they acquired the title to the marble slabs, heater stove and iron frame, and therefore the defendant had no right to take and remove the same. *Refused.*

The court charged the jury, inter alia, as follows:—" The circumstance of the sheriff's sale does not distinguish the application of the law from that of any other purchase. You are to determine what the intention of the defendant was at the time the disputed articles were put into the property. Of course it is clear that no man wants to leave a stove— what in ordinary parlance we call a portable stove. Therefore

3 OUTERBRIDGE.—21

[Harmony Building Association *v.* Berger.]

if you will believe that this was an ordinary stove, which could be readily moved, and you find that there was no intention to make it part of the freehold, the defendant had a right to it. Respecting the so-called weather-vane, which a son of Mr. Berger said was simply his father's name whirling around on a piece of iron, it is for you to decide whether it was the defendant's intention to make it a fixture. If any of you were going to buy a house of your neighbor, would you consider, for a moment, a whirling gig of this kind to be a part of it?

"The question with regard to the other article is not quite as easily solved as the first two. As to the marble slabs on the counter, I say to you, that the question is, what was Mr. Berger's intention when he put it there? If you believe that he intended it to become part of the freehold, it is realty, and the plaintiffs can recover; but if it was only temporarily placed there they cannot succeed here. Was it such a fixture as would justify any one about to purchase the property to believe, from the circumstances surrounding it, that it was the defendant's intention to leave it, and not take it away? The evidence upon the subject of the condition of the counter after the slabs were removed, was somewhat contradictory. The sheriff's officer who levied on the property, and whose attention was called to the counter because it was claimed by the defendant as personalty, said that there was a counter sufficient to carry on the business, without the slabs: whereas, the president of the association seemed to think that the counter was built to have the marble tops placed upon it. If you believe that it was complete without the slabs, and that the slabs were put there more as an ornament than for use, and with no intention to make them part of the freehold, then the plaintiffs could not recover for them; but if, on the other hand, you believe that the slabs were essential to make the counter complete, and were intended to become part of the realty, then the plaintiffs are entitled to a verdict. These three are the only things in dispute. Should you find for plaintiffs, your damages will be simply for the value of the articles. I see no distinction between the rights of a purchaser at sheriff's sale, and those of a purchaser at private sale, in a case of this kind."

Verdict and judgment for the defendant. The plaintiffs took this writ of error, assigning for error, the refusal of their points, and the portion of the charge above quoted.

*Hennershotz,* for the plaintiff in error.—Articles specially adapted for use in connection with the realty, and put up for use and actually used and owned in common with the realty are fixtures, whether the question arises between mortgagor and mortgagee, vendor and vendee, or debtor and execution creditor.

[Harmony Building Association v. Berger.]

The articles in this case were of that character: Lyle v. Palmer, 42 Mich. 314; Voorhis v. Freeman, 2 W. & S. 116; Snedeker v. Warring, 12 N. Y. 170; Laflin v. Griffiths, 35 Barb. 58; Winslow v. Ins. Co., 4 Metc. 306; King v. Johnson, 7 Gray 239; Hoskin v. Woodward, 9 Wright 42.

It was error to instruct the jury that the question is, what was Mr. Berger's intention when he put the marble slabs there? The secret intention of the owner cannot overcome the appearance to the eye that the thing is part of the freehold: as between landlord and tenant, evidence of intention may be admissible where it would not be as between vendor and vendee: 2 Sm. Lead. Cas. *260; Wadleigh v. Janvrin, 41 N. H. 503.

*Albert T. Goldbeck*, for the defendant in error.—The question of annexation to the freehold is the primary one, and where there is *no doubt*, it is immaterial what may be the relation of the parties. Things which are clearly and undoubtedly personal chattels cannot be fixtures as between some parties and chattels as between others. But where there is *doubt* whether things are so annexed as to be part of the freehold or not, the courts will then look into the relationship of the parties, and to the intention of the owner in placing the articles in the realty, to aid the jury in determining their character. The question of intention was properly submitted to the jury in this case, although there could hardly be a doubt that the portable stove and the defendant's sign, combined with the weather-vane, were portable chattels: Hill v. Sewald, 3 P. F. Smith 273; Seeger v. Pettit, 27 Ibid. 437; Cross v. Marston, 17 Vt. 533; Heysham v. Dehte, 8 Norris 506. The rights of the plaintiffs as sheriff's vendees cannot be distinguished from those of a purchaser at an ordinary sale: Vaughen v. Haldeman, 9 Cas. 522; Penn. Mut. Life Ins. Co. v. Thackara, 10 W. N. C. 104.

Mr. Justice Paxson delivered the opinion of the court, February 13th 1882.

The defendant was the owner of premises No. 2612 Girard avenue, in the city of Philadelphia. He occupied the first story as a bakery, the balance of the building as a residence. The plaintiff held a mortgage upon the premises, which he foreclosed, and the property was sold by the sheriff. He became the purchaser at the sheriff's sale, and proceedings were instituted under the Act of Assembly to obtain possession. The defendant took away from the premises, as stated in the history of the case, "the marble slabs from the counter, heater stove out of the chimney, and iron frame attached to the roof," and this action of trespass was brought in the court below by the plaintiff to recover damages for said taking. The single question presented by the

[Harmony Building Association *v.* Berger.]

record is, whether the articles referred to were a part of the realty, and passed to the purchaser at the sheriff's sale.

There is no serious dispute as to the stove and the iron frame. The former was what is known as a Baltimore heater, a stove so placed in the chimney as to heat one or more rooms above it. Yet it was only a stove, and no part of the realty. The iron frame was something in the nature of a weather-vane, fastened to the roof, a plain upright rod, with the name of the defendant upon it. The principal object appears to have been to indicate the defendant's place of business.

The question of the marble slabs was more doubtful. There was evidence that the counter was complete without them, and that they were more ornamental than necessary. Upon this point the learned judge instructed the jury as follows : " If you believe that it (the counter) was complete without the slabs, and that the slabs were put there more as an ornament than for use, and with no intention to make them part of the freehold, then the plaintiffs could not recover for them ; but if, on the other hand, you believe that the slabs were essential to make the counter complete, and were intended to become part of the realty, then the plaintiffs are entitled to a verdict."

It was contended by the learned counsel for the plaintiff that the above instruction was erroneous, in this, that it gave undue weight to the intention of the defendant ; that while, as between landlord and tenant, the intention to annex is the criterion, yet as between vendor and vendee the rule is not so. As an abstract proposition, this criticism is true to a certain extent. There may be some things which are so essentially a part of the freehold, that as between vendor and vendee the intention of the owner may be of little weight. But this is not such case. The articles themselves were of such an equivocal character as to raise a jury question. Hence the object in placing them there became material, which is all the learned judge intended, and all the jury probably understood by the word " intention." If the counter was complete without the marble slabs, if they were placed there for the purpose of ornament, they were no more a part of the freehold, and necessary to its enjoyment, than a loose cloth cover would have been. In neither case would there have been any attachment to the freehold, and the object and the intention of the owner is to be regarded, in considering the character of the articles. Without going over the learning upon this vexed question, it is believed the foregoing views are fully sustained by the authorities, among which it is sufficient to refer to Hill *v.* Sewald, 3 P. F. S. 272, and Seeger *v.* Pettit, 27 Id. 437.

Judgment affirmed.