In re BEEG.

(District Court, E. D. Pennsylvania.   January 31, 1911.)

No. 3,721.

1. FIXTURES (§ 1*)—WHAT CONSTITUTES—DETERMINATION—PHYSICAL ATTACH-MENT—INTENTION.

In Pennsylvania the question whether property constitutes a fixture depends, not on physical attachment, but on the nature and character of the act by which the structure is put in place, the policy of the law connected with its purpose, and the intention of those concerned in the act.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 1, 6; Dec. Dig. § 1.*]

2. FIXTURES (§§ 14, 21*)— WHAT CONSTITUTES "FIXTURE" — LANDLORD AND TENANT—VENDOR AND VENDEE.

Whether a structure is a fixture as between landlord and tenant depends on the intention to annex to the freehold, but as between vendor and vendee the intention of the owner may be of little weight if the structure is essentially a part of the freehold and so entirely indispensable for the use for which the freehold is intended that the secret purposes of the owner cannot control the rights of others, which depend more on the inference to be drawn from what is external and visible.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 22, 47; Dec. Dig. §§ 14, 21.*

For other definitions, see Words and Phrases, vol. 3, pp. 2831–2846; vol. 8, p. 7664.]

3. FIXTURES (§§ 18, 28*)—WHAT CONSTITUTES "FIXTURE"—MORTGAGE—JUDG-MENT CREDITORS.

In Pennsylvania, between vendor and vendee, heir and executor, debtor and execution creditor, mortgagee or judgment creditor and assignee for benefit of creditors, and judgment creditors and general creditors in bankruptcy, machinery in a factory which is a necessary part thereof and without which it could not be a fully equipped establishment is a "fixture" to be regarded a part of the freehold subject to the lien of a real estate mortgage or judgment against the owner.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 32–41, 58, 59; Dec. Dig. §§ 18, 28.*]

4. FIXTURES (§ 28*)—MACHINERY IN FACTORY—EQUIPMENT—PRIOR TRANSFER—"FIXTURE."

Where engines, boilers, machinery, utensils, and fixtures contained in a building and on the premises were owned and conducted by the bankrupt as a sausage factory and were essential to the operation of the premises for such business, they would be regarded as fixtures and subject to the lien of a judgment on the land notwithstanding they had been separately conveyed to the bankrupt, the land by deed and the machinery, etc., by bill of sale.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 58, 59; Dec. Dig. § 28.*]

In the matter of bankruptcy proceedings of Carl F. Beeg.   On certificate of referee to review an order directing the delivery of certain of the bankrupt's property sold at a receiver's sale to the purchaser and discharged of the lien of a judgment creditor.   Reversed.

Alfred Aarons, for trustee.
J. Rech Guckes, for claimant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOLLAND, District Judge. On April 20, 1910, this court, on approving a receiver's sale of the bankrupt's property, entered an order directing delivery to the purchaser "free and clear of all claims of Adam Schlorer, judgment creditor"; and further ordering that the question arising out of the claim of the said Adam Schlorer shall be referred to a referee "for his finding and decision, and that if the said referee shall find that the said articles, or certain of them, are part of the real estate, the prices bid therefor shall be taken by the referee as the values of said articles and awarded according to law."

After hearing testimony and argument by counsel, the referee found "that the property in question is not subject to the lien of the judgment of the said Adam Schlorer, and that as between the said Adam Schlorer and the trustee in bankruptcy the title to the said property is in the latter," and thereafter, on November 1, 1910, entered a formal order dismissing the proceedings of Schlorer. Thereupon a petition for a review was filed and accordingly certified to this court.

The question involved is whether certain chattels, machinery, utensils, etc., used in a sausage factory owned and occupied by the bankrupt are part of the real estate and bound by the lien of judgments held by the claimant.

The referee found that these chattels "were used by the bankrupt in his business as a sausage maker and constituted the necessary apparatus for conducting a sausage factory," etc. He further found that the premises were sold by the sheriff of the county of Philadelphia in 1884 to one Charles F. Schuler at the time they were being used as a sausage factory, and the sheriff, in his deed to Schuler, states that the premises conveyed are "occupied as an engine and boiler house, stable and sausage factory and lot or piece of ground, situate, etc., * * * also the engines, boilers, machinery, utensils and fixtures in said building contained." Following this sheriff's sale there were six conveyances which constitute the chain of title to the bankrupt, in all of which the premises are described as "occupied as an engine and boiler house, stable and sausage factory and lot or piece of ground, situate," etc. During the time from 1884 to the present the premises have been occupied as a sausage factory.

On May 31, 1901, the property passed from one Alber to Juergens, and in this transaction the real estate was valued at $13,000; the good will and fixtures at $7,000. A deed was executed for the real estate, and a bill of sale for the personal property. At about the same time Juergens mortgaged the property, and the habendum clause of the mortgage includes the "buildings, engines and factory and other improvements." This mortgage is still on the premises, prior to the judgments of Schlorer. Subsequently, Juergens conveyed this property to Beeg, the bankrupt, and his partner, Dufalla, for $3,500, subject to the mortgage above mentioned of $10,500, and, in addition to that, he executed to the partners a bill of sale for the "stock, good will, fixtures, machinery, implements, horses, wagons, etc., of the messuage and factory and business" for a consideration of $12,500, and finally, on January 6, 1908, Dufalla conveyed his interest in the entire property to the bankrupt by a deed for his interest in the real estate, and a bill of sale for the personal property.

The referee held that the execution of separate bills of sale for the machinery and chattels in question in the conveyance of this property by the predecessors in title to the bankrupt disclosed an intention to regard the machinery and chattels as personal property, and that the creditors of the bankrupt are entitled to the proceeds of the sale in the hands of the receiver.

"In Pennsylvania the old notion of a physical attachment has long since been exploded. * * * The question of fixture or not depends upon the nature and character of the act by which the structure was put in place, the policy of the law connected with its purpose, and the intention of those concerned in the act." Meig's Appeal, 62 Pa. 28, 1 Am. Rep. 372.

As between landlord and tenant, the intention to annex is the criterion; but, as between vendor and vendee, the intention of the owner may be of little weight, as there are some things which are so essentially a part of the freehold, and so entirely indispensable as a part of the property for the purpose for which it is intended, that the secret purposes of the owner cannot control the rights of others, the latter's rights depending more upon the inference to be drawn from what is external and visible. Association v. Berger, 99 Pa. 320; Bank v. North, 160 Pa. 303, 28 Atl. 694.

In Pennsylvania, between vendor and vendee, heir and executor, debtor and execution creditor, mortgagee or judgment creditor and assignee for benefit of creditors, and, we might add, as between judgment creditors and the general creditors in bankruptcy, machinery of a factory, which is a necessary part of it, and without which it would not be a fully equipped establishment, is a fixture to be regarded a part of the freehold, subject to the lien of a mortgagee or judgment creditor as part of the realty. Voorhis v. Freeman, 2 Watts & S. 116, 37 Am. Dec. 490; Morris' Appeal, 88 Pa. 368; Witmer's Appeal, 45 Pa. 455, 84 Am. Dec. 505; Wilder v. Kent (C. C.) 15 Fed. 217.

The judgments held against the bankrupt estate by Schlorer were entered long prior to the bankruptcy proceedings and are liens upon the real estate. He is entitled, as a security for these judgments, to the value of this property as a sausage factory, and, when he accepted this property as security for his judgments, he valued it as a sausage factory, equipped, as it then appeared, with a boiler house, engines, and other machinery, both fast and loose, necessary to equip an establishment to carry on that business. As to this machinery and its relation to the property at the time he accepted these judgments, he was bound not by the private undisclosed intention of the owner, but by what was external and visible in regard to the property as a whole and as equipped as a sausage factory. The fact that, in the conveyance to the then owner and to the predecessors in title, there had been bills of sale executed for the machinery, could in no wise alter their character as to this judgment creditor. The execution of a bill of sale for the necessary machinery to equip a manufacturing establishment does not change its character and make it personal property as between a judgment creditor and general creditors in bankruptcy any more than it does change the character of such machinery as between a mortgagee or judgment creditor and an assignee for the

benefit of creditors, and we conclude that, as between the judgment creditor Schlorer and the general creditors of the bankrupt estate, the machinery in question is part of the realty and belongs to the claimant Schlorer. The fact that there had been bills of sale executed in some of the conveyances to the bankrupt and prior to his ownership thereof does not alter the character of the property in question. Morris' Appeal, supra. If, as has been found by the referee, the articles, whether fast or loose, are indispensable in carrying on this specific business as a sausage factory, they become part of the realty. Morris' Appeal, supra; Vail v. Weaver, 132 Pa. 363, 19 Atl. 138, 19 Am. St. Rep. 598; Muehling v. Muehling, 181 Pa. 483, 37 Atl. 527, 59 Am. St. Rep. 674; Glasgow v. Hill, 29 Pa. Super. Ct. 222.

The order of the referee dismissing the petition of Schlorer, the judgment creditor, is reversed, and it is ordered that the referee distribute the funds arising from the sale to the parties entitled thereto, in accordance with this opinion.