Beloit Iron Works, Appellant, *v.* Lockhart, Receiver.

Argued October 2, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Clyde Gibson* and *Orville Brown,* for appellant.—The provisions of this contract, although not recorded, were valid and binding as between the seller and the buyer, and the receiver, on his appointment, stepped into the shoes of the buyer and had no right in the property of this machine superior to that of the buyer: Com. v. Hospital, 199 Pa. 119; Duplex Printing Press Co. v. Pub.

Co., 213 Pa. 207; Phila. Trust Co. v. Traction Co., 258 Pa. 152; John Deere Plow Co. v. Hershey, 287 Pa. 92; Pairpont Mfg. Co. v. Watch Co., 161 Pa. 17; Hays v. Ins. Co., 99 Pa. 621; Brackin v. Engineering Co., 283 Pa. 91.

Under the wording, "without notice" in section 5 of the Conditional Sales Act of May 12, 1925, P. L. 603, the burden of proof is on defendant in an action of replevin to recover the property, the contract being unrecorded and the defendant a receiver in equity: Singer Mfg. Co. v. Nash, 41 Atl. 429.

It is a principal of law (in the absence of a statute) that one who sells goods upon a conditional sale cannot have two inconsistent remedies. If he rescinds the contract and takes back the goods he is done. He cannot proceed for the balance unpaid: Auto Security Co., Inc., v. Cannelli, 80 Pa. Superior Ct. 43; Star Drilling Machine Co. v. Richards, 272 Pa. 383; Kelley Springfield Road Roller Co. v. Schlimme, 220 Pa. 413.

At the trial and on oral argument, on motion for new trial and judgment n. o. v., counsel for defendant contended for the position that it conclusively appeared, from the agreement itself, that the machine in question was a chattel to be attached to the realty within the meaning of the several sections of the Act of May 14, 1925, P. L. 722.

If that question were in the case at all it would be a matter of fact and, therefore, a question for the jury.

In replevin by conditional vendor against receiver of vendee, the damage to defendant is the sum of the original cost of the chattel, the freight, cost of installation and alterations, without considering the amount of purchase price unpaid.

*William McElwee, Jr.*, for appellee.—The repeal, in 1927, of the Act of May 14, 1925, P. L. 722, in no way affects the case at bar. The 7th section of this statute protects the buyer from having his machine taken away

from him by default without notice and gives him an opportunity to make good the default, and that is a vested right in the buyer, and his right to the balance of the proceeds after the payment of the thing set out in the 9th section of said act is also a vested right, and one which did not exist at common law: Lewis v. R. R., 220 Pa. 317; White v. Meadville, 177 Pa. 643; Hatfield v. Twp. Road, 4 Yeates 392.

In case of a receiver of an insolvent corporation, it is peculiarly the province of the court making the appointment to determine the question of solvency or insolvency and that it has jurisdiction to do so, and all suits in other courts are subordinate to the finding of the court making the appointment on this matter in so far as the same in any way affects the possession of the assets of the receivership: Blum Bros. v. Bank, 248 Pa. 148; Gableman v. R. R., 179 U. S. 335.

The requirements of the 7th section of the Act of May 14, 1925, P. L. 722, so far as said section is concerned, are in no way dependent on whether the contract is filed or not filed.

Under our law, in an action of replevin, the question involved is one of title only: Lee-Strauss Co. v. Kelly, 292 Pa. 403.

The Pennsylvania Rule in replevin is to value the property as of the time of the issuance of the writ: Herdic v. Young, 55 Pa. 176, 178; Brindle v. Adams, 3 W. N. C. 5; Phillips v. Stroup, 1 Monaghan 517; Johnson v. Groth, 22 Pa. Superior Ct. 85, 92; Duroth Mfg. Co. v. Cauffiel, 243 Pa. 24; Automobile Finance Co. v. Reese, 73 Pa. Superior Ct. 550; Blum Bros. v. Bank, 248 Pa. 148.

Defendant in this case, being the receiver for a corporation which the court of his appointment has found to be insolvent (said finding having been affirmed by the Supreme Court), he, defendant, is vested with all the rights of attaching or levying creditors against personal property in the possession of the corporation: Deere

Plow Co. v. Hershey, 287 Pa. 92; Duplex P. Press Co.
v. Pub. Co., 213 Pa. 207; Ott v. Sweatman, 166 Pa. 217;
Forrest v. Nelson, 108 Pa. 481.

OPINION BY MR. JUSTICE SIMPSON, November 26, 1928:
Alleging that the New Castle Paper Products Corpo-
ration (hereinafter called the corporation) had broken
its conditional sales contract for a cylinder machine
which it had purchased and received from plaintiff, the
latter, by leave of court, issued a writ of replevin against
the receiver of the corporation, to recover possession of
the machine. At the trial, the court directed a verdict
in favor of the receiver for the replacement value of the
article in controversy, at the time it was taken out of
his possession. From the judgment entered on the ver-
dict thus recovered, plaintiff appeals.

The receiver was appointed upon a stockholder's bill,
and the original decree was silent regarding the subject
of insolvency. Because of this, a vendee of the corpora-
tion subsequently sought, in the same proceeding, to
obtain an order on the receiver to deliver possession of
property which the vendee had bought from the corpora-
tion and paid for, but had left in its possession. Objec-
tion was made that the corporation was insolvent at the
time the receiver was appointed, and hence the petition-
ing creditor had no paramount right to the property
purchased. Testimony was taken, the court entered a
decree that the corporation was insolvent at the time
stated, and dismissed the petition. The defeated credi-
tor appealed, but we affirmed: Shipler et al. v. New
Castle Paper Products Corporation, 293 Pa. 412. We
held, following Blum Brothers v. Girard National Bank,
248 Pa. 148, that, because of the finding of insolvency,
the proceedings were to be treated and considered ex-
actly as if the original decree appointing the receiver
had set forth that the corporation was then insolvent.

We have been treated to an elaborate and interesting
discussion, supposed to establish the legal conclusion

that plaintiff is not bound by the decree last mentioned, because he was not a party to the proceeding in which it was entered. If the argument was sound, it would apply alike to the original and the amendatory decree. It proceeds on the erroneous assumption, however, that such decrees are in personam, whereas they are in rem: Howarth v. Angle, 162 N. Y. 179; 34 C. J. 1176; 15 R. C. L. 637. "The appointment of a receiver of the property of an insolvent corporation is legal notice to all persons having contractual relations with it. Their rights are not affected by notice or by the want of it, but by the operation of the law which the court has put in motion": 23 R. C. L. 46. See also article on Res Judicata in 38 Yale Law Journal, pages 299, 303-4. Any other conclusion would result in an intolerable situation, for the adjudication of insolvency would decide nothing; the door would still be open to a collateral attack by each and every creditor, possibly resulting in the corporation being, at the same time, insolvent as to some creditors and solvent as to others; the equality of distribution sought by the appointment being thus wholly destroyed. The principle contended for by appellant would justify also a collateral attack on an adjudication of bankruptcy, which is not permissible: Sanger v. Upton, 91 U. S. 56. In determining the present case, therefore, we must do so on the basis of the corporation's insolvency at the time the receiver was appointed.

The contract between plaintiff and the corporation provides that the former shall furnish to the latter a cylinder machine according to certain detailed specifications, the corporation to "provide all foundations, supports and foundation bolts," but plaintiff to "furnish foundation plans and necessary erection drawings with location of all foundation bolts......[and also] a competent man to erect the machine in your mill," the "title to remain vested in builder until machine is fully paid for."

The primary dispute between the parties is: Is the contract governed by the provisions of the Uniform Conditional Sales Act of May 12, 1925, P. L. 603, as plaintiff asserts, or by the Act of May 14, 1925, P. L. 722, as defendant alleges. We have no hesitancy in deciding that the former statute is inapplicable. It defines "goods" as meaning "all chattels personal, other than ......machinery attached or to be attached to real estate"; and section 7, the only one which could possibly affect the situation here, applies only to "goods...... affixed to realty at the time of a conditional sale or subsequently [so] as to become a part thereof." The contract, as above epitomized, shows that the machine in suit was "to be attached to real estate," and hence the word "goods," as defined by the act, excludes this machine from the purview of that section. It follows that, as between the two statutes, the Act of May 14, 1925, P. L. 722, which does include machinery to be attached to the realty, is the only one which can have relevancy here. To construe them thus, is in accord with the rule that where two statutes are passed at the same session of the legislature, they are to be so interpreted, if possible, as to avoid a conflict between them: White v. City of Meadville, 177 Pa. 643; Cresson Boro. v. Seeds, 286 Pa. 288.

Turning to the act last cited, we find it provides, in section 1, that the reserved provision as to the title to chattels "to be attached to realty......shall be valid as to all persons, except as hereinafter otherwise provided"; by section 3 that the "contract, or a verified statement thereof, shall be filed in the office of the prothonotary of the county wherein the realty affected is situate"; and, by section 7, in case of default by the buyer in the performance of his contract, "the seller may retake possession......Provided the seller, not more than forty nor less than twenty days prior to the retaking, shall have served upon the buyer personally or by registered mail

a notice of intention to retake the chattels on account of the buyer's default."

The statute further provides in section 2, that "as against the owner of realty to which chattels are attached, who is not a party to the contract, or has not assented to the reservation of property in the chattels, such reservation shall be void...... [unless filed] before the chattels are so attached to the realty"; and, "as against a subsequent purchaser, subsequent mortgagee or other subsequent encumbrancer of the realty for value and without notice,......such reservation shall be void ......[unless filed] before such purchase is made or such mortgage is given or such encumbrance is effected."

The statute is wholly silent, however, as to the effect of not filing the contract, where the question involved is as to the rights of an execution creditor of the conditional vendee, or, as here, the rights of a receiver of an insolvent conditional vendee. It is admitted that, prior to any statute on the subject, the rights of such execution creditor or receiver, would have been paramount to those of the conditional vendor. As to the receiver, it suffices to quote what we said in Deere Plow Co. v. Hershey, 287 Pa. 92, 99: "Against such creditors, a conditional vendor's title was of no avail at the time this suit arose (Haak v. Linderman, 64 Pa. 499, 501; Thompson v. Paret, 94 Pa. 275, 280; Ott v. Sweatman, 166 Pa. 217, 221; Duplex Printing Co. v. Clipper Co., 213 Pa. 207, 211; Schmidt v. Bader, 284 Pa. 41, 45); and, under the Duplex Printing Co. Case, supra, a receiver appointed to represent creditors of an insolvent corporation had the rights of levying or attaching creditors." This conclusion is not challenged; and from it and the well settled rule that a statute which alters the course of the common law will not be extended, by interpretation, to make any further innovation thereon than as expressly declared in or with reasonable certainty to be implied from the act itself (Kates's Est., 282 Pa. 417; Merrick v. DuPont, 285 Pa. 368; Zimmerman v. Pure

Coal Co., 286 Pa. 108), the present controversy is readily decided.

The Act of May 14, 1925, P. L. 722, says that the contract or a verified statement thereof, *"shall* be filed." A fair conclusion from this is that, unless otherwise provided, and so far as concerns the present controversy it is not, such filing must be within a reasonable time from the sale and delivery of the chattel, and a failure so to do by the conditional vendor, whose duty it is to file it and who seeks the protection of the act, will deprive him of its benefit. A further fair, if not a necessary conclusion, is that a taking by a conditional vendor, who never has given notice of his intention to retake, makes his act wrongful. In the present case, plaintiff never did file the contract, though a reasonable time so to do had expired long before the retaking, and no notice of the intention to retake was ever given. Plaintiff must, therefore, be held liable, and the only other matter we need refer to is its complaint regarding the measure of damages.

When the machine was taken from the receiver, it was an integral part of the plant in his hands, and the court below allowed him to recover its then replacement value. Appellant contends (1) that recovery should have been limited to the balance due by the corporation to it, under their contract; or (2) to the sum for which it had expressed a willingness to resell the machine to the receiver. The contract price was "$8,525 f. o. b. cars, Beloit, Wisconsin." The reductio ad absurdam of contention (1) is that if but $1 had remained due on the contract, appellant's theory is that it could have wrongfully taken and kept a machine worth thousands of dollars and been liable for only $1. The reductio ad absurdam of contention (2) is that, for the wrongful taking and keeping of a machine worth thousands of dollars when in place, appellant could be held liable for only whatever fractional part of that sum it was willing to sell the detached machine, whether in good or bad condition, to a

receiver whose sole duty was to sell the existing assets and not to buy others.

So far as we are aware, one who wrongfully takes the property of another, has always been adjudged to pay at least its actual value at the time and place of its taking: Duroth Manufacturing Co. v. Cauffiel, 243 Pa. 24, 30. Any other rule would benefit the wrongdoer at the expense of the one he had injured.

In the light of our conclusions as above expressed, the other questions raised by appellant become unimportant. To avoid misapprehension, however, we should perhaps add that we have not overlooked the fact that the Act of May 14, 1925, P. L. 722, which we have held as the only statute which can possibly be relevant, has been repealed by the Act of May 12, 1927, P. L. 979, and that sections 1 and 7 of the Uniform Conditional Sales Act, have been amended thereby. In the present case, however, the contract was made, the receiver was appointed, and the rights of the parties became fixed, before the passage of the Act of 1927. Nor have we overlooked the fact that the Act of May 14, 1925, P. L. 722, may not be applicable to the facts appearing in this case. If it is not, then the common law rule applies and plaintiff loses. Neither party raised this point, however, and hence we leave it undecided.

The judgment of the court below is affirmed.