## In re NEWPORT PLANING MILL CO., Inc.
### No. 6270.

District Court, M. D. Pennsylvania.
Jan. 31, 1931.

Robert Rosenberg, of Harrisburg, Pa., for claimant.

James McKee, of New Bloomfield, Pa., for trustee.

JOHNSON, District Judge.

This is a petition for review of the order of the referee dismissing exceptions to his opinion and order denying the reclamation petition of the Yates American Machine Company, except as to one 7″ moulder, which seeks recovery from the trustee in bankruptcy of the Newport Planing Mill Company of a number of machines used in the manufacture of the finished product of the planing mill, and which were sold to the Newport Planing Mill Company by the claimant under a conditional sales contract. The machines in question were placed in the planing mill of the Newport Planing Mill Company, and were a part of the machinery of the mill, and were so used for several years prior to the bankruptcy proceedings.

Under the facts in this case, the question involved is whether the machines were so fixed or attached to the realty, the planing mill, as to become a part thereof. The referee found all the machines except one 7″ moulder were so fixed or attached to the planing mill as to become a part thereof and bound by the mortgage on the planing mill, and therefore denied the petition of the Yates American Machine Company.

These machines were so placed and used in the planing mill as to become a necessary part of the machinery of the mill itself.

In Christian v. Dripps, 28 Pa. 271, it was held:

"A planing machine, lathes, and vices in a machine shop or car factory, are fixtures, and as such belong to the realty, irrespective of the manner in which they are attached to the building in which they are used, if they were a necessary part of the machinery for carrying on the business."

In Morris' Appeal, 88 Pa. 368, on page 383, Mr. Justice Mercur, delivering the opinion of the court, laid down the rule which must be applied here in the following language:

"Inasmuch, however, as a written instrument or bill of sale was also executed by the appellees, transferring to Morris some of the articles now in contention, it is claimed that the mortgage was not intended to cover them. The correctness of this view depends on what did the parties understand to be fixtures? Physical annexation to realty is not necessary to convert a chattel into a fixture. Whether it be such depends much on the business for which the premises are used. Articles necessary or convenient in the transaction of one kind of business, would be useless in another. If the article, whether fast or loose, be indispensable in carrying on the specific business, it becomes a part of the realty; Voorhis v. Freeman, 2 Watts & S. [Pa.] 116 [37 Am. Dec. 490]; Pyle v. Pennock, 2 Watts & S. [Pa.] 390 [37 Am. Dec. 517]; Ege v. Kille, 3 Norris [84 Pa.] 333."

In Matter of Carl F. Beeg (D. C.) 184 F. 522, 524, 25 A. B. R. 572, on page 575, Holland, District Judge, said:

"As between landlord and tenant, the intention to annex is the criterion; but, as between vendor and vendee, the intention of the owner may be of little weight, as there are some things which are so essentially a part of the freehold, and so entirely indispensable as a part of the property for the purpose for which it is intended, that the secret purposes of the owner cannot control the rights of others, the latter's rights depending more upon

the inference to be drawn from what is external and visible. [Harmony Bldg.] Association v. Berger, 99 Pa. 320; Bank v. North, 160 Pa. 303, 28 A. 694.

"In Pennsylvania, between vendor and vendee, heir and executor, debtor and execution creditor, mortgagee or judgment creditor and assignee for benefit of creditors, and, we might add, as between judgment creditors and the general creditors in bankruptcy, machinery of a factory, which is a necessary part of it, and without which it would not be a fully equipped establishment, is a fixture to be regarded a part of the freehold, subject to the lien of a mortgagee or judgment creditor as part of the realty. Voorhis v. Freeman, 2 Watts & S. [Pa.] 116, 37 Am. Dec. 490; Morris' Appeal, 88 Pa. 368; Witmer's Appeal, 45 Pa. 455, 84 Am. Dec. 505; Wilder v. Kent (C. C.) 15 F. 217."

Since the machines were so attached to the mill as to become a part thereof, the conditional sales contracts on which the petitioner relies are controlled by the Pennsylvania Act of May 14, 1925, P. L. 722, No. 395, § 3, which provides:

"Second. Such contract, in order to entitle it to be filed, must be verified by the oath or affirmation of either the seller or the buyer or the agent or attorney of either to the effect (1) that it is an existing bona fide contract; (2) the amount remaining unpaid thereon; (3) and if the contract does not contain a sufficient description for the identification of the realty affected, the verification must also contain such description."

The conditional sales contracts in question failed to comply with the provisions of the Pennsylvania act as quoted, and therefore the contracts are not binding against the trustee in bankruptcy who represents all the creditors of the bankrupt, including the mortgagee. Beloit Iron Works v. Lockhart, 294 Pa. 376, 144 A. 283.

And now, January 31, 1931, the exceptions to the referee's order are dismissed, and his order of January 14, 1930, is affirmed.