**YATES AMERICAN MACH. CO. v. JURY.**

No. 4686.

Circuit Court of Appeals, Third Circuit.

Feb. 26, 1932.

Donald K. Royal and Rosenberg & Rosenberg, all of Harrisburg, Pa., for appellant.

Frank E. Tressler, of New Bloomfield, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case it appears the Newport Planing Mill Company (hereafter called Newport) was duly adjudged bankrupt in the court below, and the planing mill it was operating came into the possession of its trustee. Thereafter the Yates American Machine Company (hereafter called Yates) presented a petition alleging certain machines owned by it had been delivered to Newport on lease, and alleged the same "were delivered subject and pursuant to the conditions of the said leases and are and remain the absolute property of your petitioner, who is entitled to the immediate possession of same." The petition further alleged the machines were in possession of the trustee in bankruptcy, that demand had been made on him for the same and he had refused to deliver, and prayed the trustee be directed to deliver. The trustee made answer, inter alia, that the machinery was "affixed to the realty of the bankrupt and became a part thereof and could not be severed wholly or in any portion without material injury to the freehold." After hearing, the referee made an order, which, after directing that a certain particular machine, with which we are not here concerned, be delivered to the claimant, held that the "rules on the trustee to show cause why certain machinery should not be surrendered to the petitioner as its property are denied." After hearing, the court below affirmed the referee's order; whereupon Yates took this appeal.

While a number of other questions have been discussed before us as to certain alleged rights of Yates as against a subsequent mortgage of Newport's plant, the basic question involved in this appeal is not as to the rights of the said mortgagee, but what are those of the trustee as representing all creditors as against Yates claiming reclamation. To that appealed question we address ourselves.

Now it is clear that, on bankruptcy, the trustee coming into possession of a bankrupt property stands in the position of an execution creditor of the bankrupt. In this case the machines in question were installed in Newport's planing mill and were used for several years, and in Christian v. Dripps, 28 Pa. 271 it is held: "A planing machine, lathes, and vises in a machine shop or car factory, are fixtures, and as such belong to the realty, irrespective of the manner in which they are attached to the building in which they are used, if they were a necessary part of the machinery for carrying on the business."

In view of the facts of the present case, the machines became part of the realty, and the trustee was entitled to hold them as such for the benefit of the general creditors.

But Yates further seeks to reclaim them because the machines were delivered under a conditional sales agreement which it alleges has not been fulfilled by Newport. But the court below, and we think properly, held that Yates had no such alleged rights because the sales agreement did not meet the statutory requirements. In that respect it said:

"Since the machines were so attached to the mill as to become a part thereof, the conditional sales contracts on which the petitioner relies are controlled by the Pennsylvania

Act of May 14, 1925, P. L. 722, No. 395, § 3, which provides:

" 'Second. Such contract, in order to entitle it to be filed, must be verified by the oath or affirmation of either the seller or the buyer or the agent or attorney of either to the effect (1) that it is an existing bona fide contract; (2) the amount remaining unpaid thereon; (3) and if the contract does not contain a sufficient description for the identification of the realty affected, the verification must also contain such description.'

"The conditional sales contracts in question failed to comply with the provisions of the Pennsylvania act as quoted, and therefore the contracts are not binding against the trustee in bankruptcy who represents all the creditors of the bankrupt, including the mortgagee. Beloit Iron Works, Appellant, v. Lockhart, Receiver, 294 Pa. 376, 144 A. 283."

Accordingly, the decree below is affirmed.