## In re FAMOUS CLEANING & DYEING CO.
### No. 18622.

District Court, W. D. Pennsylvania.
Feb. 26, 1934.

J. E. & Wm. R. Kalson, of Pittsburgh, Pa., for petitioner to reclaim.

Adolph Goldberg, of McKeesport, Pa., for receiver.

F. R. S. Kaplan, Harry Aronson, and Isadore M. Goldsmith, all of Pittsburgh, Pa., for intervening defendants.

SCHOONMAKER, District Judge.

This matter came before the court for hearing on two applications:

(1) The application of the receiver to restrain James Leffel & Co. from proceeding with a replevin suit at No. 630, April term 1934, in the court of common pleas of Allegheny county, Pa., to recover possession of a steam boiler on premises used by the bankrupt in its business.

(2) The reclamation petition filed by James Leffel & Co. in this bankruptcy case to reclaim the boiler in question from the possession of the receiver in bankruptcy.

The boiler in question was purchased from James Leffel & Co. on a conditional sale contract dated March 7, 1933. This contract contains no description of the premises to which the boiler was to be attached. The boiler was delivered to the bankrupt and installed on the premises where the bankrupt was conducting a cleaning and dyeing business, and was essential to the conduct of that business. It cannot now be removed from the building without tearing down part of that building. This boiler, we find, was placed in this industrial establishment for permanent use; it was necessary for the operation of the cleaning and dyeing plant, and therefore became a fixture.

Under these facts, we hold that the receiver is entitled to the injunction prayed for, restraining James Leffel & Co. from proceeding with the replevin suit in the court of common pleas of Allegheny county, Pa., and to an order denying the reclamation petition of the said James Leffel & Co. for the reclamation of the boiler from the receiver.

Under our ruling, if this boiler became a fixture in the industrial plant of the bank-

rupt, we are obliged to hold that James Leffel & Co. could assert no rights under the conditional sales contract, because they did not comply with the Pennsylvania Act of May 14, 1925, P. L. 722, § 3, [now replaced by Pennsylvania Act of May 12, 1927, P. L. 979 (69 PS § 404) which contains similar provisions as to description of realty] for neither the contract itself contained a sufficient description of the realty upon which the boiler was to be installed, nor was there any description of the realty affected in the verification of the sales agreement.

This brings the case squarely within the ruling of the Circuit Court of Appeals of this circuit, in Yates American Machine Co. v. Jury, 56 F.(2d) 831, holding that a conditional seller of machinery could assert no rights not conforming to statutory requirements of this state.

It is also asserted that this conditional sales contract did not conform to the Pennsylvania act, in that it was not recorded within ten days from the date of the contract, as prescribed by the Pennsylvania statute. It was not recorded within ten days from the date of the contract; it was, however, recorded within ten days from the date of delivery of the boiler, and James Leffel & Co. contends that this is sufficient compliance with the act in this respect. In view of our holding on the other question, it is unnecessary to pass any opinion on whether the recording was in time.

Orders may be submitted in accordance with this opinion.