## Wesner's Estate.

Argued December 13, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*H. O. Bechtel,* for appellant.

*Joseph G. Seesholtz,* for appellee.

OPINION BY HIRT, J., March 2, 1940:

In this proceeding the Prudential Insurance Company seeks to set aside a definitive decree of the Orphans' Court of Schuylkill County after the period for appeal has elapsed.

George Wesner, on March 18, 1929, killed his brother and immediately fled; ever since that date he has been a fugitive from justice and his whereabouts has not been known. On May 3, 1937, another brother, peti-

tioned the court under the Fiduciaries Act of June 7, 1917, P. L. 447 to declare the fugitive a presumed decedent. Hearing was held on that petition, due notice thereof having been given by publication according to law, and the court on June 14, 1937 entered an interlocutory decree declaring "that the legal presumption of the death of George Wesner is made out and established as of March 18, 1936." On October 25, 1937, no evidence of the continuance in life of the supposed decedent having been produced, the preliminary decree of June 14, 1937 was made absolute, and letters of administration on the estate of the presumed decedent were issued. No appeal was taken from that decree.

The administrator of the estate then brought a suit, now pending, against the Prudential Insurance Company on two policies of insurance issued on the life of George Wesner, the presumed decedent. Thereupon, on October 17, 1938, the insurance company petitioned the lower court to vacate the final decree of October 25, 1937 and the granting of letters in the estate. After hearing, this petition was dismissed. This appeal of Prudential Insurance Company followed.

The procedure to revoke letters of administration and to vacate a decree of this nature is prescribed by section 6(i) of the Fiduciaries Act, which gives the court the power to set aside its former order on due and satisfactory proof that the presumed decedent is in fact alive but on no other ground. On the hearing on the petition giving rise to the present appeal, appellant produced no evidence that George Wesner is still living and hence the proceeding for revocation of the decree of October 25, 1937 was not under sec. 6(i) of the Fiduciaries Act. The action of the insurance company is founded, not on an averment that George Wesner is in fact living, but upon the contention that he at all times has been a fugitive from justice and his disappearance, therefore, is not an unexplained absence. In effect, appellant in this proceeding seeks to set

aside the final judgment declaring Wesner a presumed decedent on the sole ground that the evidence upon which the decree was entered is insufficient to support it. This, appellant cannot do.

The purpose of the Fiduciaries Act in recognizing the common law rule that there is a presumption of death of a person after seven years from the time when he was last known to be living, was not to supply a procedure to determine whether the person is in fact alive or dead, but to set up a conservator for his property within the State if the facts raise a legal presumption of death. True, the administrator appointed for that purpose may distribute the estate to those who appear to be the owners but only "with a saving of the rights of the former owner should it subsequently appear that he is the true owner still." Conserving the property and not distribution of the estate is the primary purpose of the Act. The proceeding, therefore, is in rem and not in personam: *Cunnius v. Reading School District,* 206 Pa. 469, 56 A. 16.

A part of the *res* in this case is a chose in action to which the insurance company was a party. But this contractual relationship with the presumed decedent, in itself, would not have entitled the company to intervene in the original proceeding for an administrator appointed for the purpose of determining the company's present liability on the policies. The insurance company is not in the class of persons named in the Act as proper parties to the action and allowing it to be named a party would have permitted it, if successful, to forestall the raising of the question of its liability on the policies by preventing the appointment of an administrator. This was not intended by the Act. But assuming that the insurance company could have intervened, the important fact is that no appeal from the final decree of October 25, 1937 was taken within the statutory period and the time for taking an appeal may not be extended: *Estate of Rachel C. Finley Core,*

113 Pa. Superior Ct. 388, 174 A. 9. The present proceeding cannot be treated as an appeal from the final order of October 25, 1937 and neither appellant nor any one else can now have the decree vacated except on the specific ground provided in sec. 6(i) of the Fiduciaries Act, supra, that is, on proof that Wesner is still alive. The entry of the decree declaring Wesner a presumed decedent and appointing an administrator of his estate was a judicial act by a competent tribunal having jurisdiction of the subject matter and that decree is valid until revoked in the manner prescribed by the statute. Since the final decree of the orphans' court, entered in a matter properly within its jurisdiction, was a judgment in rem, it is binding upon the whole world irrespective of whether the persons affected were parties or were entitled to be made parties to the litigation in which the decree was entered: *Clark's Estate*, 275 Pa. 506, 119 A. 590; *Beloit Iron Works v. Lockhart*, 294 Pa. 376, 144 A. 283, 34 C.J. sec. 1660.

The lower court properly refused to set aside the final decree but appellant has not been unduly prejudiced by the refusal. The decree declaring George Wesner a presumed decedent is only an adjudication of his death, prima facie: *Volmer v. John Hancock M. L. Ins. Co.*, 101 Pa. Superior Ct. 117, and that is the extent of its force and effect in the suit pending against the insurance company: *Wiggins v. W. & S. Life Ins. Co.*, 114 Pa. Superior Ct. 198, 173 A. 751. George Wesner is only presumed to be dead and on the trial of the case on the insurance policies appellant may rebut that presumption by any relevant testimony sufficient for the purpose.

Order affirmed at the costs of appellant.