DISSENTING OPINION BY JUDGE McCullough Kathleen Gazda (Gazda) is either married or she is not. The Majority recognizes that Claimant is married pursuant to a decree from the Court of Common Pleas of Allegheny County, Orphans’ Court Division (Orphans’ Court), but concludes that she is not married for purposes of receiving pension benefits. Such a result ignores settled law that orphans’ court’s determinations are “binding upon the whole world irrespective of whether the persons affected were parties or were entitled to be made parties to the litigation in which the decree was entered.” Wesner’s Estate, 139 Pa.Super. 314,11 A.2d 521, 523 (1940); see also Ross v. Policemen’s Relief and Pension Fund of City of Pittsburgh, 871 A.2d 277, 280 (Pa. Cmwlth. 2005), appeal denied, 587 Pa. 703, 897 A.2d 462 (2006), cert. denied, 549 U.S. 816, 127 S.Ct. 79, 166 L.Ed.2d 28 (2006) (order from orphans’ court division declaring parties married at common law is binding on a police pension fund). As a judicially-recognized common law spouse of John F. Pan-cari, Sr. (Decedent), Gazda is entitled to survivor’s pension benefits from the Scott Township Police Pension Fund (Pension Fund). Therefore, I must dissent. Act 600, also known as the Police Pension Fund Act, Act of May 29, 1956, P.L. (1955) 1804, as amended, 53 P.S. §§ 767-778, provides Scott Township with the authority to establish and administer pension plans, which includes prescribing benefits for surviving spouses of members of the police force. In addressing police pension funds, section 1(a)(2) of Act 600 states: Such fund shall be under the direction of the governing body of the borough, town, township or regional police department, and applied under such regulations as such governing body, by ordinance or resolution, may prescribe for the benefit of such members of the police force as shall receive honorable discharge therefrom by reason of agé and service, or disability, and may prescribe for the benefit (i) of surviving spouses [[Image here]] 53 P.S. § 767(a)(2). While prescribing benefits for surviving spouses gives the Pension Fund the authority to evaluate a party’s marital status in order to determine if that party is indeed a surviving spouse and therefore eligible for benefits, Act 600 does not offer guidance on how to proceed when the validity of a party’s marital status is in doubt, particularly as it relates to common law marriages. Indeed, Pennsylvania recognizes two types of marriages: ceremonial and common law. In re Estate of Manfredi, 399 Pa. 285, 159 A.2d 697 (1960). A ceremonial marriage is “performed by a religious or civil authority” whereas a common law marriage is “an express agreement of the parties without ceremony.” Id. at 700. Although the Pennsylvania Legislature abolished, common law marriages, effective January 1, 2005, common law marriages contracted prior to January 1, 2005, shall be legally recognized under section 1103 of the Divorce Code, 23 Pa.C.S. § 1103, Section 3306 of the Divorce Code addresses how to proceed when the validity of a party’s marriage is denied or in doubt, providing: When the validity of a marriage is denied or doubted, either or both of,the-parties to'the marriage may bring an action for a declaratory judgment seeking a declaration of the validity or invalidity of the marriage and, upon proof of the validity .or invalidity of the marriage, the marriage shall be declared valid or invalid by decree of the court the declaration shall be conclusive upon all persons concerned. 23 Pa.C.S. § 3306 (emphasis added). Further, the Superior. Court has held that “the proper procedure for obtaining legal recognition of a common law marriage is the filing of a declaratory judgment action.” In re Estate of Carter, 159 A.3d 970, 974 (Pa. 2017); Vignola v. Vignola, 39 A.3d 390, 392-93 (Pa. Super. 2012). In this case, Gazda filed an action with the Orphans’ Court on September 9, 2015, which was converted by the Orphans’ Court, into ,a declaratory judgment action. While this action was filed subsequent to the initial proceedings before the Pension Fund and its Board .of Commissioners, Gazda did obtain her decree of common law. marriage prior to her filing of a second application with the Pension Fund. However, the Pension, Fund refused to consider this application and decree on the basis of Gazda’s failure to appeal the determination of the hearing officer appointed by the Board of Commissioners, which the Majority.now affirms.. By doing so, the Majority essentially allows the Pension Fund to avoid its obligations under its own pension plan and ignore an order of- the Orphans’ Court declaring Gazda to be Decedent’s spouse. As the Majority notes, Gazda relies on this Court’s prior decision in Boss for support, wherein we held that the Policemen’s Relief and Pension Fund of City of . Pittsburgh (Pittsburgh Fund) was bound by an Orphans’ Court order declaring Audrey Ross (Ross) and Gregory Adams (Adams) to be married at common law. In that case, Ross and Adams cohabited for approximately 11 years prior to Adams’ death on June 19, 2001. Following Adams’ death, . Ross applied to the Pittsburgh Fund for surviving spouse benefits, which then requested proof that she and Adams were married. Ross subsequently obtained an order from the Orphans’ Court on. August 23, 2002, declaring that a common law marriage existed between Adams and herself. However, the Pittsburgh Fund “refused to recognize the' marriage on the ground that it had not been a party to the Orphans’ Court proceeding.” Id. at 278-79. Ross then filed a declaratory judgment action on November 15, 2002, seeking a decree to require the Pittsburgh Fund to recognize the marriage and provide retroactive surviving spouse benefits. The trial court held in Ross’ favor and the Pittsburgh Fund appealed to this Court, arguing that it was not bound by the declaratory judgment of a common law marriage where it was not a party to the proceeding and that section 3306 of the Divorce Code was unconstitutional “where it permits a person neither joined in a proceeding nor notified of it to be bound by the result.” Id. This Court'held that the order declaring Ross and Adams were married at common law was binding upon the Pittsburgh Fund, reasoning that it was issued after an “evidentiary hearing and adjudication” and, further, that a declaration on a common law marriage is enforceable “against an individual or entity not a party to the proceeding in which the decree was issued.” Id. at 280. We reasoned that “Our General Assembly does not intend an absurd result, 1 Pa.C.S. § 1922(1), and the Fund’s interpretation of Section 3306 leads to the absurd conclusion that every person or entity who must rely on the fact of the marriage of two persons must be a party to the creation or declaration of that marriage.” Id. Further, we held that the Pittsburgh Fund may not treat Ross any differently than if she was married to Adams in a formal ceremony after securing a valid license. Id. We emphasized in Ross that'“Nowhere in its brief does the Fund explain the crucial distinction between the declaration of marriage that Ross produced and the marriage certificates that evidence the marriages , of the many widows and widowers to whom the Fund is paying benefits today. It is a distinction without a difference.” Id. The Majority’s decision in this case also creates a distinction without a difference and effectively allows the Pension Fund to forever avoid paying benefits to Decedent’s common law spouse. Here, as in Ross, Gazda applied for spousal benefits and was rejected because the Pension Fund found that she was not married. Unlike in Ross, Gazda appealed this decision to the Board of Commissioners and was denied again on the same grounds. Gazda subsequently went to -the Orphans’ Court and, in a declaratory judgment action, as in Ross, obtained a decree of marriage and returned to the Pension Fund to re-apply for benefits. Nevertheless, the Pension Fund rejected this application on thé basis that she failed to appeal the Board of Commissioners’ decision in accordance with the Pennsylvania Local Agency Law,[1] thereby rendering the decision of the hearing officer for the Board of Commissioners as final and binding. The Orphans’ Court agreed, as does the current Majority. .Despite-being recognized as Decedent’s common law spouse by the Orphans’ Court, Gazda will not be recognized as such by the Pension Fund for the purpose of obtaining survivor’s pension benefits. Since Decedent and Gazda were legally married, she is entitled to these benefits. Moreover, it bears repeating that orphans’ court determinations are “binding upon the whole world irrespective of whether the persons affected were parties or were entitled to be made parties to the litigation in which the decree was entered.” Wesner’s Estate, 11 A.2d at 523; Ross. While the Majority attempts to distinguish Ross on the basis of the differing procedural histories between that case and the present case, the fact remains that the Pension Fund is bound by the Orphans’ Court’s order declaring Decedent and Gazda to be married at common law. The Pension Fund should have recognized the same when Gazda reapplied for benefits in March of 2016. In holding that Gazda was required to appeal the determination of the Board of Commissioner to the common pleas court in accordance with the Local Agency Law, the Majority cites to the plan documents and distinguishes an opinion from our Supreme Court in Wimer v. Pennsylvania Employees Benefit Trust Fund (PEBTF), 595 Pa. 627, 939 A.2d 843 (2007). As the Majority notes, in Wimer, a plan beneficiary brought a declaratory judgment action in the court of common pleas, challenging PEBTF’s termination of his benefits and seeking an order of reinstatement. PEBTF contended, inter alia, that the common pleas court should dismiss the action because the plan beneficiary failed to exhaust the internal administrative remedies set forth in the plan documents, which required an appeal of the termination to PEBTF’s Board of Trustees. In granting summary judgment in favor of the plan beneficiary and against PEBTF, the common pleas court rejected PEBTF’s position, as did the Pennsylvania Superior Court on appeal. On allowance of appeal, the Pennsylvania Supreme Court considered: “[Wjhether a recipient of healthcare benefits paid by [PEBTF] is contractually obligated, when challenging a ... termination of healthcare benefits, to exhaust internal appeals to PEBTF’s Board of Trustees prior to seéking recourse through filing an action for declaratory judgement with a court.” Wimer, 939 A.2d at 845. The Supreme Court affirmed, concluding, in part, that although the plan documents provided for a right of appeal to the Board of Trustees, the “language does not impose an affirmative obligation for them to pursue such remedies as a prerequisite to commencing litigation.” Id. at 850. The Supreme Court declined to “read into” the plan documents an exhaustion requirement. Id. at 850-51. Nonetheless, the Majority here essentially “reads into” the plan documents and proceeds to distinguish Wimer from the present case on the basis that the Pension Fund’s plan documents state that an applicant who is denied “shall first seek a resolution of such claim under the procedure hereinafter set forth,” which includes a timely appeal to the Board of Commissioners, and cautions that the failure to file the same will be deemed a waiver of the claim and any right to review. See Section 8.08 of the Scott Township Police Pension Plan. However, the Majority neglects that Gazda followed this very procedure. Following the initial denial, she appealed to the Board of Commissioners, who appointed a hearing examiner to proceed with the case. Following hearings, the hearing examiner upheld the denial on the basis of a lack of sufficient evidence of a common law marriage between Decedent and Gazda. Realizing that any further appeal would be futile without such proof, Gazda took the necessary and required step of obtaining a decree of common law mai'riage from the Orphans’ Court, which the Pension Fund refused to recognize upon her re-application for benefits. Contrary to the Majority, Gazda exhausted her contractual remedies herein and, as such, Gazda’s judicially-recognized common law marriage should entitle her to survivor’s pension benefits. For these reasons, I would reverse the order of the Orphans’ Court denying Gaz-da’s motion to enforce its previous decree which recognized her common law marriage to Decedent.[2] . . 2 Pa.C.S. §§ 551-555, 751-754. . The Orphans’ Court, in denying Gazda’s motion to enforce, also held that it did not have the authority to order the Pension Fund to reverse its denial via a motion because this authority belonged with the court of common pleas in the civil division, (R.R. at 5a-6a.) However, this holding ignores section 952 of the Judicial Code, which states, in pertinent part, that “In a court of common pleas having two or more divisions each division of the court is vested with the full jurisdiction of the whole court....” 42 Pa.C.S. § 952.