## Millar Estate.

Submitted January 6, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*George W. Keitel,* Deputy Attorney General, *Harold E. Martin* and *James H. Duff,* Attorney General, for appellant.

*William J. Blank,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 24, 1947:

The question raised by the appeal is whether the transfer of property from the estate of a presumed decedent is subject to Pennsylvania Transfer Inheritance Tax.

George Millar, Jr., a Staff Sergeant in the United States Army Air Corps, was reported missing in action on February 10, 1944. The will of Sergeant Millar was duly probated and letters testamentary were granted to the mother, the executrix named in the will. The Register probated the will on the averment in the petition for probate that "decedent . . . reported missing over Brunswick, Germany on Wednesday the Nineteenth day of September, A. D. 1945. . . ." There was no compliance with section 6 of the Fiduciaries Act of 1917, P. L. 447, 20 PS 371 et seq. The government fixed September 19, 1945, as the presumptive date of his death. Congress by the War Pay and Allowances Act of 1942, Act of March 7, 1942, C. 166, 56 Stat. 143, 50 U. S. C. A. App., section 1005, provided for the finding of the presumptive date of death. Such a finding by the United States Government relieved the orphans' court from the necessity

of fixing such date. The government in due course paid the executrix $2,436.06 as "pay due [Millar] at presumptive date of death." An assessment of transfer inheritance tax of 2% on the above amount was made. The executrix (who is also the sole beneficiary under the will) filed an appeal, which the court below sustained.

The reasons assigned by the court below are (1) estates of presumed decedents are not subject to Pennsylvania Transfer Inheritance Tax and (2) the accrued wages of the soldier between the date when he was reported missing and the date fixed by the government as the presumptive date of death are in effect gratuities and hence are not taxable. We must reject both reasons.

The legislature has been most specific concerning the distribution and settlement of an estate of a presumed decedent. Upon a decree of presumption of death, the procedure is the same and as valid as if the presumed decedent were proven to have been actually dead: The Fiduciaries Act of 1917, P. L. 447, section 6, 20 PS 371. Upon the decree of presumption of death section (e) of the act, 20 PS 375, authorizes the register of wills to issue letters of administration or to probate the will and grant letters testamentary, which ". . . *shall be as valid as if the presumed decedent were really dead."* Section (g), 20 PS 377, directs that the executor or administrator ". . . shall administer the estate in the same manner and with the same effect as the same would be administered under existing laws of this Commonwealth, if the presumed decedent were in fact dead."

Section 6 (f) of the Fiduciaries Act, supra, provides that real estate of a presumed decedent shall pass and devolve as in case of actual death and the persons entitled by will or under the intestate act may enter and take possession.

Distributees, except creditors, are required to give bond to protect the interest of the presumed decedent ". . . in case he is actually alive. . . ." Fiduciaries Act, supra, section 6 (f) and (h).

Where inheritance taxes have been paid on the estate of a person adjudicated to be legally dead and thereafter such person reappears, the court is directed to rescind its order and adjudication and a petition for a refund ". . . *shall be filed within six months after the court shall have rescinded its order and adjudication"*: The Fiscal Code, Act of April 9, 1929, P. L. 343, section 503, as amended, 72 PS 503.

From the foregoing statutory provisions it is plain that the property of a presumed decedent passes to and is transferred to the distributees under the intestate law or the will in precisely the same manner as in case of actual death, reserving to the presumed decedent, however, the right to retake his estate if he reappears. See also: *Devlin v. Commonwealth to use, etc.,* 101 Pa. 273; *Cunnius v. Reading School District,* 206 Pa. 469, 56 A. 16. Under the provisions of the Pennsylvania Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended, 72 PS 2301, transfer inheritance tax is assessable against the distributees of a presumed decedent's estate.

The remaining question is whether a serviceman's pay is subject to the payment of Pennsylvania Transfer Inheritance Tax. This fund, as before indicated, *represents pay owing to Millar until the date when he was declared to be presumptively deceased.* The fund being *back pay* had no relation to gratuities, proceeds of war risk insurance, proceeds of adjusted service certificates or disability allowances. Had the missing soldier reappeared between the time when he was reported missing and the date when the government decreed the presumption of his death, there can be no question but that he could have recovered the full amount of his pay. His pay, between such dates can in no wise be regarded as a gratuity. Until proven dead or decreed presumptively deceased, his pay continued. Such pay was due the service man individually and was payable to no other person or persons. It is therefore immaterial whether the

pay had been collected by the service man and was in his possession, or was paid to his personal representative after his death, actual or presumptive. In either case it forms part of his estate and passes under his will or the intestate law. While apparently there is no appellate court decision in this Commonwealth on the subject, this ruling has been made in lower courts. See: *Southard's Estate,* 16 D. & C. 751; *Walker's Estate,* 25 D. & C. 467; *Hunter Estate,* 95 Pitts. L. J. 41; 60 York L. R. 188.

The order is reversed and the assessment sustained. Costs to be paid out of the estate.

Mr. Justice JONES took no part in either the consideration or decision of this case.