## Veterans' Payments

JOHN SULLIVAN, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, May 29, 1958. —Your department has asked to be advised whether, under the World War II Veterans' Compensation Act of June 11, 1947, P. L. 565, 51 PS §§455.1 to 455.16: (a) Compensation may be paid to a proper beneficiary when a veteran, after applying but before payment is made, disappears and is not heard of for more than seven years, and (b) compensation may be paid to a proper beneficiary when a veteran, who qualifies but has never made application, disappears and has not been heard of for more than seven years.

The only difference between (a) and (b) situations is that in (a) the veteran applies personally while in (b) application is made by someone else. This is immaterial, however, since section 7 of the act, supra, 51 PS §455.7, provides that in the event of a veteran's death or mental incompetency a representative may make application in his behalf.

Section 6 of the act, 51 PS §455.6, provides:

"Whenever, prior to the date of distribution of compensation under the provisions of this act, a veteran entitled thereto shall have died, or if such veteran shall

have been or shall be determined to have been legally dead by the Federal authorities under any act for the payment of Federal benefits, or becomes mentally incapable of receiving his or her compensation, payment shall be made by the Adjutant General without proceedings in this Commonwealth: . . ."

Under the above section, it is necessary that the veteran shall have died, or that he shall be found "legally dead by the Federal authorities under any act for the payment of Federal benefits."

We construe "shall have died" broadly to include "shall have been found legally dead" by the authority of section 10 of the act which specifies its intent that compensation be "paid for the service of veterans whether or not they be living when distribution is made" and also under the Statutory Construction Act, May 28, 1937, P. L. 1019, sec. 58, 46 PS §558, which includes this type of statute among those to be "liberally construed to effect their objects and to promote justice." Upon a decree of presumption of death by any court of competent jurisdiction, the procedure is the same as if the presumed decedent were proved to be actually dead: In re Millar's Estate, 356 Pa. 56, 51 A. 2d 745 (1947).

The Fiduciaries Act of April 18, 1949, P. L. 512, sec. 1201, 20 PS §320.1201, provides for a judicial finding and decree of legal death after seven years of unexplained absence.

It is therefore our opinion, and you are accordingly advised, that after a veteran has been missing for seven years, whether or not he has applied personally, his bonus may be paid to his legally qualified beneficiary, if any one of the following is submitted: (a) Proof of actual death; (b) judicial decree of legal death; (c) determination by Federal authorities, under any act for the payment of Federal benefits, that the veteran is legally dead.