## Michel Estate

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Irvin Stander*, for exceptant.

*Smyth, Straub & Thistle*, contra.

SHOYER, J., November 28, 1958.—Ever since the decision of Burr v. Sim, 4 Wharton 149, in 1839, it has

been the rule in Pennsylvania that an unexplained absence of seven years will establish, not only the fact, but also the time of death. In the words of Chief Justice Gibson, writing for our Supreme Court, page 170:

"But the presumption of death, as a limitation of the presumption of life, must be taken to run exclusively from the termination of the prescribed period; so that the person must be taken to have then been dead and not before. . . . Thus the presumption of life continues till it is displaced by a more potent one, which, however, has no retroactive force; and indeed it would be of little use if it had, for to leave the time of the death still uncertain, would leave a perplexity which it was its purpose to remove."

The case before us is apparently one of first impression. However, proper adherence to the full implications of the above quoted rule, sometimes referred to as the "American rule" (25 C. J. S. 1064, note 3), must give us the correct answer to the transfer inheritance tax question raised by the present exceptions just as surely as night follows day.

This court, acting on the petition of Mabel Michel's nearest relative, a sister, adopted the finding of its duly appointed master, that Mabel Michel was last heard of in December 1925, and accordingly decreed her death as of December 1932, seven years after her disappearance: Fiduciaries Act of April 18, 1949, P. L. 512, sec. 1201 (a) (b), 20 PS §320.1201 (a) and (b). The decree of presumed death was entered November 25, 1957. The rate of collateral inheritance tax having risen from 10 percent to 15 percent on December 21, 1951, the Commonwealth contends that it has rightly assessed tax at the higher rate because this increase preceded the entry of the court's decree of presumed death. Since both discount (Opinion of Deputy Attorney General Hull, 1 D. & C. 502) and penalty (Hahn's Estate, 36 D. & C. 136) are determined by

the date of the court's decree, so should the rate of tax be determined. Thus runs the Commonwealth's argument in which we can find no merit whatsoever.

As so aptly stated by the learned hearing judge:

"These authorities [referring to the two latter citations] are to be distinguished from the issue now before the court. It is not only logical but in strict principle inevitable that the date for the confirmation of the decree presuming death be the significant date for the purpose of determining discount, interest and penalties. The discount is in substance a reward for not delaying in making payments. Clearly the period for making payment does not begin, and delay is not present, until it is established that the person is dead. Similarly, interest and penalties are designed as punishment for the making of late payments. Again there is no improper delay until it is established that there is a death.

"By way of contrast, rights of inheritance are fixed as of the date of the death of a decedent. In the case of a presumed decedent it is the date of the presumed death which is significant in determining what persons have survived the presumed decedent. Since rights vest as of the date of the presumed death it would seem that liabilities of the estate are also similarly fixed."

Rights of inheritance when claimed through a missing heir or legatee are established by the absentee's presumed death as of the end of the seven-year period (Burr v. Sim, supra; Young v. Sweigart, 69 Pa. Superior Ct. 525; Ruben Estate, 87 D. & C. 78), likewise the liabilities of the absentee's estate: Meadville Production Credit Assn. v. Haskell, 40 D. & C. 145. Similarly the date of presumed death of a missing intestate must determine the identity of his heirs and the size of their respective distributions: Miller Estate, 356 Pa. 56, 59. These same two factors directly

determine the amount of tax payable by each heir: Tack's Estate, 325 Pa. 545.

The Pennsylvania transfer inheritance tax is "an excise on the privilege of inheritance. It is really not a tax at all in the ordinary meaning of the word, but rather a distributive share of the estate which the State retains for itself. Its true nature is not changed by the fact that it is assessed and measured by the value of the property, or that it is paid by legatees and devisees in proportions allocated to their respective inheritances": Tack's Estate, supra, 548. Since the determination of the date of presumed death is inextricably tied in with the rights of inheritance acquired by those heirs alone who survived that date, so must the applicable rate of inheritance tax be determined by that very same date.

The exceptions are dismissed and the order of the learned hearing judge remanding the record to the register of wills is affirmed.